Barker, J.
Upon the execution and delivery of the mortgage by the defendant to the plaintiff, as between themselves it became and was a valid lien upon the premises, and the plaintiff became interested in the continuation of the same, and in the preservation of the property from loss and destruction. He had no other means to collect his debt. His rights, his estate and his security were in the lien. It was a conveyance of the property to him with terms of defeasance, the fee remaining in the mortgagor.
*40 Every unlawful act, by whomsoever done, that les-r sened the value of the plaintiff’s property by decreasing and impairing the value of the security, was a tort and a wrong, and the plaintiff has a right of action against the wrongdoer.
The defendant’s conduct is both malicious and dishonest, and I think actionable. The reasons on which the liability rests are found in the precepts of the common law as recognized and administered in this country. Plainly he owed the plaintiff a duty not to displace his lien and lessen the value of his property by an intentional act done with the view and for the purpose of depriving him of the security he gave on his property to pay his own honest debt.
While he remained the owner of the property, he could lawfully do many things with it of profit to himself ; he could use and occupy, he could place other liens and incumbrances upon it, and sell and convey the equity of redemption. It is argued by the defendant’s counsel that he has done no more than one of these things, and the whole defense is embraced in this single proposition.
The jury have found, and upon proof entirely satisfactory to the court, that the act was done by the defendant for the purpose of cheating and defrauding the plaintiff. It is the intent and purpose which induced the act that makes it wrongful and actionable. If the defendant, while in possession and before foreclosure, had fired the buildings, with the motive of destroying the plaintiff’s security, and for that reason he had lost his entire debt, clearly a right of action would have existed to compensate the injured and damaged party. If no damage to other persons should follow the act of destruction, then the act could not be regarded in the law as unlawful and wrongful. The act has caused an injury to the plaintiff’s estate, and damage thereto is the result. It is as direct and natural as *41 if the defendant had taken from the person of the plaintiff his purse containing a sum in gold equal to the amount of the verdict.
“Every malicious act is wrongful in itself in the' eye of the law, and if it causes hurt or damage to another, it is a tort, and may be made the foundation of an action. Malice may be proved by evidence of personal hostility and spite entertained against the injured party, or any other corrupt and improper motive” (1 Addison on Torts, 4th Ed. 36, and cases there cited).
There is no wrong without a remedy, is a maxim of the common law. I think the defendant’s conduct and motives bring him within this wholesome precept, and that the plaintiff can be indemnified against the defendant’s wrongs in a just application of it.
If the act was not condemned and made wrongful by the common law, the defect has been supplied by our statute. It is as follows:
“ Section 3. Every person being a party to any conveyance or assignment of any estate or interest in lands, goods or things in action, or of any rents or profits issuing therefrom, or to any charge on any such estate, interest, rents or profits, made and created with intent to- defraud prior or subsequent purchasers, or to hinder, delay or defraud creditors or other persons ; and every person being privy to or knowing of such conveyance, assignment or charge who shall willingly put the same in use, as having been made in good faith; shall, upon conviction, be adjudged guilty of a misdemeanor” (2 Rev. Stat. 690-969).
The defendant’s act as charged in the complaint and maintained by the proof is in the very teeth of this statute. The thing done is made wrongful and declared a misdemeanor.
Every statute intended to prevent mischief, injury or grievance, impliedly gives a remedy to the person who suffers injury apd damage in consequence of the *42 doing of the acts forbidden, if no remedy be expressly given by the statute (Ashby v. White, Ld. Raym. 938; 1 Smith Leading Cases, *342; Broom Legal Maxims, 155). With our recording acts in force, a statute of this import and distinctness is of great public importance, intended to be a restraint upon dishonest persons,, who owning property in possession, have the opportunity to commit cheats and frauds, as the defendant did in the case before the court.
An action in favor of the party injured must be presumed by the law, for there can be no violation of its provisions, without the offender has it in mind to defraud some person in particular. It is the very essence of the statutory offense, that the transaction should be such that it wrongs a party interested in the property which is the subject of the conveyance.
The crime may be complete, and the offender punished, even if the conveyance is upon a good and sufficient consideration, and to a person who is acting in entire good faith. The purpose of the law is to restrain and prevent a resale and reconveyance of property, in fraud of prior as well as subsequent purchasers.
The defendant’s counsel seems to regard the action as .one of deceit, and as having its foundation in the transaction by which the. note was given up and the mortgage taken. In this he is altogether mistaken. It is the defendant’s subsequent behavior, in giving the Warner mortgage and procuring its record, that is charged as wrongful and as done with intent to cheat and defraud the plaintiff.
It is not urged, that a new trial should be granted if, upon all the proofs, the plaintiff made a good cause of action. I think he did, and a meritorious one.
The motion is denied with costs.