(29 Misc. Rep. 371.)

### CONLEY v. BLINEBRY.

(Supreme Court, Special Term, Madison County.   March 1, 1899.)

MORTGAGES—UNRECORDED MORTGAGE—LIABILITY OF MORTGAGOR FOR SALE OF PROPERTY.

The owner of an unrecorded mortgage may maintain an action for damages against a mortgagor who sold the mortgaged premises to one who took for value, and without knowledge of the unrecorded mortgage, where the mortgagor refuses to pay the debt secured by the mortgage out of the consideration.

Action by James Conley against William R. Blinebry.   Judgment for plaintiff.

D. L. Atkyns, for plaintiff.
C. W. Underhill, for defendant.

FORBES, J.   Under the present practice this action may be denominated an action in tort.   If the proof is sufficient to warrant a recovery, the complaint is sufficient, in the averments therein, to afford relief in one of two forms,—in fraud, or in conversion.   On the 4th day of May, 1897, the plaintiff sold and conveyed to the defendant a house and a small farm containing about five acres of land, situate in this county.   The purchase price was fixed at $550.   The consideration was paid at the time, except the sum of $250, which was then and there secured by a bond and a mortgage as security, covering the whole of said premises, and made payable in one year from date, with interest.   This mortgage remained unrecorded until February 3, 1898, and no part of the debt has been paid.   On the 11th day of October, 1897, the defendant sold and conveyed the whole of said premises to one Van Orstro, who took the title to said premises in good faith, paying $600, the full value of said premises, without notice of said bond and mortgage; recording his deed October 11, 1897, in the proper county.   The purchaser went into the immediate possession of said premises under his deed.   The defendant received

the whole sum of said purchase price, and refused to pay said bond, or any portion of said indebtedness so secured by said mortgage. This action was brought to recover damages in the sum of $250, and the interest thereon from the date of said bond and mortgage. The plaintiff claims to recover upon the theory that the defendant has destroyed the lien of the security so given by him to the plaintiff without his knowledge or consent, and that the defendant has converted to his own use that portion of the purchase money which was received by him under the deed to Van Orstro. There are two counts in the complaint, but both counts clearly refer to the same transaction, stated in somewhat different language; but when they are read together they make a complaint covering the facts as they appear from the evidence on the trial. On these facts, is the plaintiff entitled to recover in this action? I do not think the action is a novel one. The principle has been decided in several cases, but no case which covers these precise facts has been cited, nor has a case been found in this state. The defendant, by his conduct, has destroyed the plaintiff's mortgage lien upon said premises; cutting it off with full knowledge of the duty which he owed to the plaintiff to do nothing which would deprive him of his security, which defendant then knew plaintiff could not enforce until the payment on the bond fell due. Before that time arrived the defendant had put into his own pocket the full value of said premises, and held it there, telling the plaintiff to get it if he could. The plaintiff had one of three remedies: First, to sue on the bond, and enforce payment in that manner, if he could; second, to bring an action in equity, claiming a lien upon the fund held by the defendant, treating the fund as real estate, and enforcing his claim by execution, if possible; or, third, to bring the present action, and enforce his claim by such remedies as this form of action may afford him, if he is entitled to maintain it in its present form. When the plaintiff has been invited to bring an action, the defendant ought not, in morals, at least, to complain of the form of the action. The novelty of the action ought not to bar its enforcement. Kujek v. Goldman, 150 N. Y. 176, 44 N. E. 773. The novelty of the remedy by the plaintiff does not exceed the novelty of the attempt by the defendant to avoid his obligations. The security was good until the defendant destroyed it, and between the parties it would have remained good except for its destruction by the defendant. Except for the conduct of the defendant, the security would have remained good, although unrecorded. The plaintiff, as against the subsequent purchaser, lost his security by not recording his mortgage; but he lost his right to enforce his lien against the purchaser, because the defendant defeated that claim by an unlawful act, which must have been performed by the defendant for that purpose, thus working a legal fraud, if not an intentional one. The defendant must, therefore, be held to have intended the necessary consequences of his own act. Van Pelt v. McGraw, 4 N. Y. 110; Kenyon v. Luther, 132 N. Y. 556, 30 N. E. 866. The policy of the courts has always been to preserve the rights of creditors, and to interpose no bar to the enforcement of those rights where a remedy can be found and applied justly. Where there is an injury, there should also be a

remedy.   Thomas v. Smith, 75 Hun, 573, 27 N. Y. Supp. 589; Schoep-
flin v. Coffey, 25 App. Div. 438, 49 N. Y. Supp. 627; Butler v. Railway
Co., 143 N. Y. 417, 38 N. E. 454.   Was the conveyance made by the
defendant in fraud of the plaintiff's rights?   If so, then can the
remedy be enforced in this action?   I am inclined to think so.   Swan
v. Saddlemire, 8 Wend. 676; Railroad Co. v. Kneeland, 120 N. Y.
134, 24 N. E. 381; Jex v. Straus, 122 N. Y. 293, 25 N. E. 478; Delaney
v. Valentine, 154 N. Y. 692, 49 N. E. 65.   In the case last cited the
court says:   "Any voluntary transfer by a debtor, which deprives
his creditors of a fund which equitably belongs to them, is necessa-
rily a fraud upon their rights, and therefore fraud is implied, which
is sometimes denominated fraud in law."   The principle governing
the action at bar seems to have been passed upon in several cases.
Ring v. Steele, 4 Abb. Dec. 68; Sieling v. Clark, 18 Misc. Rep. 464,
41 N. Y. Supp. 982; Graves v. Briggs, 6 Abb. N. C. 38; Caywood v.
Van Ness, 74 Hun, 28, 26 N. Y. Supp. 379, affirmed in 145 N. Y. 600,
40 N. E. 163; Braem v. Bank, 127 N. Y. 508, 28 N. E. 597 (see
page 515, 127 N. Y., and page 598, 28 N. E., at bottom of page, affirm-
ing the doctrine held by cases supra).   The fact that the plaintiff
was negligent in not recording his mortgage does not defeat this ac-
tion.   See cases supra.   The plaintiff lost his security as against
the purchaser, but he did not lose his debt; nor did he lose his right
to enforce his claim against the defendant, since the mischief was
caused by the unlawful act of the defendant.   It was his duty to pre-
serve the plaintiff's lien.   Having knowingly defeated it, he cannot
be heard to say that the plaintiff was primarily to blame for negli-
gently affording him an opportunity to do an unlawful act.   If I am
correct in the conclusions reached, the plaintiff is entitled to recover
such damages as he has sustained, and judgment against the defend-
ant is ordered accordingly, with the costs of this action, in favor of
the plaintiff.