## RING v. STEELE.

### September, 1867.

A deed of land is not rendered invalid by the fact that a consideration is not paid; and where after executing and delivering a deed to A., without actual payment of the consideration, the grantor executed a second deed of the same land to B., who had actual knowledge of the prior deed, but recorded his deed before the prior deed had been recorded, and, after the prior deed had been recorded, B. conveyed the land for a valuable consideration to C., who had no actual notice of the prior deed,—*Held*, that C. occupied no better position than B., and that the grantees in the first deed could recover possession of the land.

Barnard C. Ring and Charles H. Richardson sued Daniel Steele and Elijah Smith, to recover the undivided half of four acres of land. Both parties claimed title under one Joseph Steele, the former owner.

Joseph Steele, on February 16, 1852, executed a deed conveying an undivided half of the premises to the plaintiffs. The consideration, the receipt of which was acknowledged in the usual form in the deed, was two hundred and fifty dollars. The consideration, however, was not in fact paid. This deed was not proved nor recorded until March 27; and meanwhile, on March 18, Joseph Steele and his wife executed and acknowledged a second deed conveying the premises to the defendant Daniel Steele, who was the father of Joseph. This deed expressed in the same form the consideration of two hundred and fifty dollars paid, and it was recorded on March 24, three days before the record of the prior deed. Some years later, Daniel Steele conveyed the premises to the defendant Smith, in consideration of two hundred and fifty dollars.

The question litigated was whether the deed given by Joseph to the plaintiffs, or that executed by him after it but recorded before it, to his father Daniel, took preference. The defendants insisted that Daniel Steele was a purchaser for value; but the court held that the acknowledgment of a consideration in the deed to him was not sufficient on this point, and defendants accordingly gave parol evidence that the money or a part of it was paid.

Ring *v.* Steele.

The plaintiffs then gave evidence tending to prove that Daniel Steele had notice of the plaintiffs' purchase prior to his purchase from Joseph. The defendants gave some evidence tending to contradict this, and also offered to prove that Smith paid the consideration mentioned in his deed from Daniel Steele without any actual notice of the deed to the plaintiffs. This offer the court excluded, and the jury found for the plaintiffs.

*The supreme court,* at general term, on appeal from the judgment, reviewed the question whether a subsequent conveyance expressing a sufficient consideration and acknowledging its payment, can be deemed sufficient evidence of a purchase for value to defeat a title claimed by another grantee under a prior unrecorded deed; citing *Broom Leg. Max.* 432; *Cow. & H. Notes,* 641; Warren *v.* Pierce, 3 *Wend.* 397; Sherman *v.* Crosby, 11 *Johns.* 70; Holliday *v.* Littlepace; 2 *Munf.* 316; Judson *v.* McChessey, 7 *Cow.* 360; Kipp *v.* Denniston, 4 *Johns.* 24; Sheppard *v.* Little, 14 *Id.* 210; Tahlheimer *v.* Brinckerhoff, 6 *Cow.* 90; and while, on the authority of these cases, doubting the rule laid down in Wood *v.* Chapin, 13 *N. Y.* (3 *Kern.*) 509, the court, yielding to the authority of that decision, conceded that the deed would be evidence; but being of opinion that the defendants had not been prejudiced by the erroneous ruling on this point, since they had given other evidence of the payment of the consideration, the error was not ground for a new trial. Defendants appealed.

*Wm. H. Greene,* for defendants, appellants;—Cited 14 *Mass.* 291; 17 *N. Y.* 469, 473; Howard Ins. Co. *v.* Halsey, 8 *N. Y.* (4 *Seld.*) 271; affirming 4 *Sandf.* 565; 3 *Sandf. Ch.* 192; 2 *Barb.* 151; 4 *Edw.* 329, note; Jackson *v.* Post, 15 *Wend.* 588; Wood *v.* Chapin, 13 *N. Y.* (3 *Kern.*) 509; 1 *Barb. Ch.* 105; 1 *Johns. Ch.* 566; 2 *Id.* 15; 1 *Cow.* 622; 7 *Id.* 65, 265; Steel *v.* Steel, 4 *Allen (Mass.)* 417.

*L. W. Thayer,* for plaintiffs, respondents;—Cited 1 *Wend.* 108; Steward *v.* Biddlecum, 2 *N. Y.* (2 *Comst.*) 103; Herd *v.* Lodge, 20 *Pick.* 53; Hyland *v.* Shearman, 2 *E. D. Smith,* 239;

Breidert *v.* Vincent, 1 *Id.* 542; McCotter *v.* Hooker, 8 *N. Y.* (4 *Seld.*) 497.

BY THE COURT.—PORTER, J.—The effect of the deed to Ring and Richardson was to invest them with title to an undivided half of the premises. By accepting the grant they became liable for the agreed price; and the validity of the transfer was not affected by the non-payment at the time of the purchase money. Barnum *v.* Childs, 1 *Sandf.* 58; Meriam *v.* Harsen, 2 *Barb. Ch.* 232. The subsequent conveyance of the premises by the grantor to his father, was a fraud upon the rights of the previous grantees. Through their neglect to put on record the evidence of their title, and the superior vigilance of the defendant Steele, the deed of the latter would have acquired priority, if he had bought without notice of the antecedent grant. 1 *R. S.* 756, § 1. He paid a valuable consideration; but as he did so with knowledge of the previous conveyance, he was not a purchaser in good faith, and cannot claim the protection of the recording act. The defendant Smith occupies no better position. He is chargeable with constructive notice of the deed under which the plaintiffs claim, as it was recorded before he made his purchase. Van Rensselaer *v.* Clark, 17 *Wend.* 25; Jackson *v.* Post, 15 *Id.* 588.

It is unnecessary to consider the question whether a mere recital by one who has previously parted with his title, that he has received value from a subsequent purchaser, is evidence of that fact as against the previous grantee; for in this case the proof is clear that Steele was a purchaser for value, but with full notice of the plaintiffs' rights.

The record discloses no error prejudicial to the defendants, and the judgment should be affirmed, with costs.

All the judges concurred, except BOCKES, J., absent.

Judgment affirmed, with costs.