## HAGAN v. DRUCKER.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE—SUFFICIENCY OF TITLE.

In partition of land of a decedent the complaint alleged that he left surviving as his only heirs certain brothers and sisters, and witnesses testified that decedent left surviving such brothers and sisters, and related when each one of them died, and what heirs at law they left. It was not stated by any witness whether decedent left any widow, parent, or children. Decedent left a will, but did not devise the property partitioned. It referred to his wife, but mentioned no children. No child appeared to contest the will, nor did any one make any claim to the land for 70 years after the partition. *Held*, that the title of one claiming a portion of the land partitioned under the deed in such proceedings was a marketable title, which a vendee could not refuse, notwithstanding the lack of affirmative proof that the decedent did not leave any widow, parent, or child.

Appeal from Special Term, New York County.

Suit by James Hagan against Jacob Drucker. From a judgment directing plaintiff to specifically perform a contract for the purchase of real estate, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. Walker Otis, for appellant.

Morris A. Hayman, for respondent.

HATCH, J. On the 4th day of February, 1902, the plaintiff and defendant entered into a contract in writing, whereby the defendant agreed to convey to the plaintiff on March 14, 1902, the premises known as 2220 Eighth avenue, in the borough of Manhattan, in the city of New York, for the sum of $23,500, payable as follows: $500 upon the execution of the contract, $14,500 by assuming a mortgage of that amount, and $8,500 in cash upon the delivery of the deed. The time for closing was thereafter extended to March 16, 1902. At the time fixed the defendant tendered the purchase price, and the plaintiff tendered a deed, which the defendant refused to take upon the ground that there was a defect in the plaintiff's title. The alleged defect was claimed to be in a deed in plaintiff's chain of title from William A. Boyd, a referee in partition, to William C. Lester, dated February 24, 1883. It was stipulated at the trial that the validity of the plaintiff's title depended upon the regularity of the proceedings in the action of partition wherein this deed was given. That action was brought to partition the real estate of one Thomas Green, who died in about the year 1834, intestate as to the property in question. In that action there was the usual reference to ascertain to whom the title descended, and witnesses were produced who testified that the said Thomas Green left, him surviving, four brothers and two sisters, whom the witnesses named, and told when each one of them died, what heirs at law and next of kin these brothers and sisters left them surviving, and who would inherit their share of the land in question. It was not stated by any of the witnesses whether or not Thomas Green left any widow, parent, child, or children, and for failure to make it affirmatively appear that he did not leave widow, parent, child, or children the defendant contends that the plaintiff's title is defective for that reason. It was averred in the complaint in the action of partition that Thomas Green left, him surviving, as his only heirs at law, the said four brothers and two sisters, and the testimony given upon the trial was in support of this averment. The referee found the same to be true in his report, and that the said four brothers and two sisters were the only heirs at law that the said Thomas Green left him surviving. The trial court in the case at bar decided that the evidence in the action of partition before the referee warranted the finding which was made, and concluded therefrom, as well as from the other facts and circumstances, that there was not such a cloud upon plaintiff's title as to render it unmarketable, and that, therefore, the defendant could be compelled to perform specifically the terms of the contract of purchase. It is from the interlocutory judgment entered upon the decision that this appeal is taken.

There is much ground from which to infer that there were no other heirs at law, survivors of Thomas Green, save those averred in the complaint and stated in the testimony of the witnesses. The language

used by the witnesses is "left him surviving," and then names the persons. It omits the words "his only heirs at law," which was a statement of the complaint in the partition action. In addition to this, it appears that Thomas Green left a will, but did not devise this property therein. It refers to his wife, but makes no mention of any children. If he had children, they were clearly cut off by his will from any share in the property devised thereunder, and, if he had children, and intended to disinherit them, it is somewhat singular that he did not make mention of such fact, and still stronger would be the circumstance that no child or children appeared to contest the will. In Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966, it appeared that a petition was presented for the sale of decedent's real estate for the payment of his debts, pursuant to the provisions of section 2752 of the Code of Civil Procedure, which provides that the petition in such case shall "set forth, * * * as nearly as the petitioner can, upon diligent inquiry, ascertain * * * the names of all the heirs and devisees of the decedent." The petition therein under consideration stated that the persons named therein were the decedent's "heirs at law." It did not state that they were "all the heirs." The court held the petition sufficient, based upon the fact that the section of the Code did not in terms require that the petition should aver that all the heirs are named, but only required that all the heirs should be named, and it was held that the language used was to be construed as stating that the persons named were all of the heirs. This decision, while not controlling of the present question, as it made construction of a Code provision not involved herein, is pertinent by way of illustration as showing how the courts have construed questions in many respects similar to the one presented by this appeal. Taking into consideration the averment of the complaint, the testimony, and the fact that no widow, parent, child, or children have appeared in any wise to raise any question respecting this title, and the result is a moral certainty that the persons named were all the heirs and next of kin of Thomas Green. In view of these circumstances, and others which appear, we think the decision of the learned court below can safely be rested upon the ground that the liability to have the title questioned is a mere possibility, and is so remote that no real defect can be said to exist. The purchaser is entitled to receive a marketable title, but such fact does not entitle him to demand a title absolutely free from all suspicion or possible defect. The requirement is answered when a title is presented which business men, in the exercise of that degree of prudence which usually characterizes their acts and controls their judgment, would be willing to and ought to accept. Todd v. Union Dime Sav. Ins., 128 N. Y. 636, 28 N. E. 504. Thomas Green died about 1834. His will was probated in Stamford, in the state of Connecticut, August 25, 1836. Both he and his descendants had attained to advanced age. The nephew of Thomas Green, who gave his testimony in 1882, was then 70 years of age. During a period of 70 years no one has appeared claiming any rights or interests in this property. Therefore that any attack will be made upon this title by heirs at law of Thomas Green scarcely rises to a possibility; at least it is so remote as matter of fact as to be unworthy of consideration. Under the

statutes of limitation, taking into consideration the existence of infants and the time granted to an incompetent person to bring an action, there would seem to be no person in being who could successfully attack it. Under such circumstances a title will not be regarded as unmarketable. Hamerschlag v. Duryea, 58 App. Div. 288, 68 N. Y. Supp. 1061, affirmed on appeal 172 N. Y. 622, 65 N. E. 1117. In Cambrelleng v. Purton, 125 N. Y. 610, 26 N. E. 907, it was said by Judge O'Brien, in writing for the court:

"If the existence of the alleged fact which is claimed or supposed to constitute a defect in or cloud upon the title is a mere possibility, or the alleged outstanding right is but a very improbable or remote contingency, which, according to ordinary experience, has no probable basis, the court may, in the exercise of a sound discretion, compel the purchaser to complete the purchase."

And such has been the uniform holding. Carroll v. McKaharay, 35 App. Div. 528, 55 N. Y. Supp. 113; Faile v. Crawford, 30 App. Div. 536, 52 N. Y. Supp. 353; In re Trustees of Episcopal Public School, 31 N. Y. 574.

We conclude, therefore, that this title is marketable, and the interlocutory judgment should therefore be affirmed, with costs. All concur.