(139 App. Div. 659.)

## JOHNSTON v. GARVEY.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. INFANTS (§ 38*)—SALE OF REAL ESTATE—JURISDICTION OF COURT.

Code Civ. Proc. § 2348, subd. 2, provides that where the interest of an infant will be promoted by a sale, because the property is exposed to waste or is unprotected, or for other peculiar reasons or circumstances, the court may order a sale. Pending a suit by one claiming under a prior unrecorded deed to set aside a subsequent recorded deed, the adult heirs of the grantee in the later deed agreed to convey their interest for a specified sum in settlement. The mother of the infant heirs petitioned the court for leave to sell their interest in the premises and alleged that the infants had no means of defending the suit and were not in receipt of any income from the premises which were in possession of plaintiff, and that it was to their advantage to sell. The infants, 19 and 20 years of age, respectively, united in the petition. Held, that the court had authority to order a sale, and the purchaser acquired a good title.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 84; Dec. Dig. § 38.*]

2. INFANTS (§ 39*)—SALE OF REAL ESTATE—JURISDICTION OF COURT.

A proceeding to sell the real estate of an infant is absolutely void unless the statutory requirements are complied with.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 85–89; Dec. Dig. § 39.*]

3. VENDOR AND PURCHASER (§ 129*)—TITLE—SUFFICIENCʏ.

A purchaser of real estate should not be required to take a title, the validity of which depends on a question of fact whether a recorded deed has been delivered.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 238–244, 249; Dec. Dig. § 129.*]

4. DEATH (§ 4*)—PROOF OF DEATH—SUFFICIENCY.

Proof that in 1872, a single man aged 42, who was a sailor went on a voyage to parts unknown; that he was never thereafter seen or heard from by any member of his family; that prior to that voyage he had made his home at a particular place to which he was accustomed to return from his voyages; that in 1899 a stranger informed a relative that he had been a shipmate of the man in 1876, and that the man died in that year at a foreign port; and that the stranger correctly described the man and correctly stated facts of family history alleged to have been communicated to him by such man—justified a finding in 1910 that the man was dead, without issue.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*]

5. EVIDENCE (§ 230*)—ADMISSIONS BY GRANTOR AFTER CONVEYANCE—ADMISSIBILITY.

Admissions of a grantor made after his conveyance are inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 837–839; Dec. Dig. § 230.*]

6. VENDOR AND PURCHASER (§ 130*)—TITLE—SUFFICIENCY.

A vendor claimed under a recorded deed, which by reason of lapse of time could not be set aside. He also claimed under a prior deed, unrecorded at the time of the execution and recording of the recorded deed, having a conveyance from all who could claim under the prior deed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

except one who was probably dead. *Held*, that he had a marketable title, which need not be a title absolutely free from any possible suspicion of defect.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

Appeal from Special Term, New York County.

Action by Edward W. S. Johnston, executor and trustee of Joseph Hughes, deceased, against Martin T. Garvey. From a judgment for plaintiff for a specified sum and directing specific performance of a contract of purchase and sale of real estate, defendant appeals. Modified and affirmed.

See, also, 123 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and MILLER, JJ.

J. G. Engel, for appellant.

Edward W. S. Johnston, for respondent.

MILLER, J. The question involved in this suit is the marketability of a title to premises which have been involved in much litigation. It is conceded that in 1874 the title was in Catherine Barrett. She made two deeds, one on the 3d of May, 1875, to William P. Powers, which was not recorded until after the death of said Powers on the 6th of November, 1877; and the other to her mother-in-law, Bridget Barrett, on the 20th day of May, 1875, which recited a consideration of $7,000, and was recorded on the 25th of May, 1875. Joseph Hughes, the plaintiff's testator, and William Hughes were the devisees of William P. Powers. William Hughes died on the 7th of December, 1883, leaving three brothers and a sister, the said Joseph Hughes, John Hughes, and Susan Riordan, and a nephew, Michael Hughes, and a niece, Mary Adams. Bridget Barrett died intestate February 8, 1879, leaving a daughter, Delia Dugan, a son, Michael J. Barrett, and four grandchildren. On the 25th of June, 1891, the heirs of Bridget Barrett, except two infants, Lavinia Barrett and John J. Barrett, the children of the said Catherine Barrett, united in a conveyance to the said Joseph Hughes, and the interest of the said infants was conveyed to him by a special guardian, appointed in proceedings to sell infants' real estate. All of the heirs of William Hughes, except John Hughes, have conveyed to the said Joseph Hughes, so it will be seen that the plaintiff's testator united both claims of title. It is asserted, however, that his title under the Bridget Barrett deed is bad for a defect in the proceedings to sell the infants' real estate, and that his title under the William Powers deed is bad for the want of a conveyance from John Hughes.

Prior to the conveyance by the heirs of Bridget Barrett, the said Joseph Hughes had brought suit against them to set aside the deed to her on the ground that it was fraudulent and void. The suit was tried, but the judge before whom it was tried died before deciding it, and an agreement was made by the adult defendants in that suit to convey their interest in the property to the plaintiff for the sum of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$1,000. The proceedings to sell the infants' real estate was instituted upon the petition of their mother, the said Catherine Barrett, the alleged fraudulent grantor. She stated in that petition that she had held the title in trust for the said William P. Powers, to whom she had executed and delivered a deed, but that her father-in-law, Michael Barrett, induced her to execute and deliver to him another deed of said premises. (She was mistaken about that as the deed was to Bridget Barrett.) She set forth the facts with relation to the said suit then pending; that all of the adult heirs were willing to compromise it by a conveyance for $1,000; that the infants had no means to defend the suit, and were not in receipt of any income from the said premises which were in the possession of the plaintiff; that she was advised that they could not succeed in the defense of the action, and that it was to their advantage to carry out said agreement. The referee, appointed in the proceedings, found that the interest of the infants would have been worth $2,000 under ordinary circumstances, but in view of the condition of the title, it was worth only one-sixth of $1,000 or $166.67, and the special guardian was empowered to contract for the sale of the infants' interests for a price not less than said sum, and that was the sum for which it was sold. The appellant claims that the proceeding was void because it did not appear that any of the reasons for the sale, specified in section 2348 of the Code of Civil Procedure, as it was in 1891, existed. Subdivision 2 of said section was as follows:

"Where the interest of the infant will be substantially promoted by such disposition, on account of the real property or term, or estate, or other interest in real property being exposed to waste or dilapidation; or being wholly unproductive, for the purpose of raising funds to preserve or improve the same, or for other peculiar reasons, or on account of other peculiar circumstances."

I think that a case was presented, showing that the infants were receiving no income from the property, and that, for the "peculiar reasons" or on account of the "peculiar circumstances" shown to exist their interest would be promoted by a sale. It was to their interest to take what the adult heirs were willing to take rather than be beaten in a lawsuit. No doubt, the section of the Code, as now amended, specifically covers such a case; but I think that it was broad enough to cover it as it then existed. No claim is made but that the proceedings were in other respects regular. At the time of that proceeding, one of the infants was 20, and the other 19, years of age. Both united in the petition. There is no doubt that proceedings to sell infants' real estate are absolutely void unless the statutory requirements are complied with, but it seems to me that the statute was strictly followed, and that there can be no doubt that the plaintiff's testator procured whatever title Bridget Barrett had.

At the time of the Catherine Barrett conveyance, the premises were in the possession of William Hughes as lessee. There was testimony to the effect that, thereafter, William Hughes paid rent to Bridget Barrett with the consent of the said William P. Powers, and the court so found. There was no direct evidence to show that the deed from Catherine Barrett to William P. Powers was ever delivered. It was

recorded after the death of said Powers at the request of one of his devisees. But its custody meanwhile was not explained. In an action for subrogation, brought by one who had redeemed the premises from tax sales, claiming to have an interest in them under a mortgage from Joseph Hughes, one of the said heirs of William Hughes, the Court of Appeals sustained a judgment in favor of the plaintiff's testator, Joseph Hughes, on the theory that the conveyances by the heirs of Bridget Barrett vested the title in him, and that in view of the circumstances no presumption of delivery arose from the recording of the deed to William P. Powers. Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051. The trial court found in this case that that deed was never delivered. A purchaser should not be required to take a title, the validity of which depended upon a question of fact whether a recorded deed had been delivered. However, those considerations and the decision of the Court of Appeals above referred to tend to reinforce the title under the Bridget Barrett deed which was recorded ahead of the William P. Powers deed.

There was evidence tending to show that the said John Hughes, if living at the time of the trial, would have been 84 years of age; that he was a sailor; and that in 1872 he went on a voyage to parts unknown, and was never thereafter seen or heard from by any of the members of his family. At that time he was unmarried. In 1899, a petition was presented to the Surrogate's Court of New York county by the said Henry Hughes, asking for the appointment of an administrator of the said John Hughes, in which he set forth that the said John Hughes was born about the year 1830; that his occupation was that of a sailor; that at all times prior to 1872 he made his home and residence at 26 New Bowery, in the city of New York, to which place he was accustomed to return from his voyages; that in the year 1872 he went on a voyage and had never returned; that in February, 1899, a man, to the petitioner unknown, came to his place of business, informed him that he had been a shipmate of one John Hughes in the year 1876, whom he correctly described, and stated facts which he claimed the said John Hughes had communicated to him, relative to the latter's family, which were true; and that the said John Hughes had died in the year 1876 at a port in the republic of Peru. The petition further stated that no word or communication whatever had been received from the said John Hughes after his departure in 1872. Upon that petition, a citation was issued, directed to all persons interested in the estate of John Hughes, deceased, his creditors, next of kin or otherwise; and upon the return of the citation, letters of administration were issued to the said Henry Hughes, and he finally accounted and was discharged. That evidence was sufficient to justify a finding of death intestate and without issue. Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151.

Moreover, after this lapse of time it will be impossible to set aside the deed to Bridget Barrett. The admissions of Catherine Barrett made after her conveyance cannot be proven. To be marketable, a title need not be absolutely free from any possible suspicion of a defect. Hagan v. Drucker, 90 App. Div. 28, 85 N. Y. Supp. 601. Here, the

plaintiff's testator united the two chains of title so far as it was possible to do so. The older title of record is undoubtedly good. In all human probability, he had a conveyance from all who could claim under the younger title of record; but if perchance John Hughes should be alive or should have died, leaving issue, there is not even a remote possibility that the older title of record can now be successfully attacked.

The judgment directs the payment of interest without taking any account of the rents and profits. One will doubtless offset the other, and the judgment may be modified by striking out the provision for interest, and, as thus modified, affirmed without costs. All concur.