BERTHOLD TAUSK and JENNIE RING, Plaintiffs, *v.*
THEODORE J. SIRY, Defendant.

(Supreme Court, Kings Special Term for Trials, February, 1920.)

Specific    performance — contracts — unmarketable    title — unre-
corded deed — judgments.

> In an action for specific performance of a land contract
> or to recover the deposit and expenses, brought by the intend-
> ing purchasers after they had refused to take title on the
> ground of an unsatisfied judgment against the former owner,
> docketed September 18, 1912, at 9:48 A. M., it appeared that
> a deed dated September 17, 1912, made by the parties against
> whom the judgment was rendered, was recorded on October 5,
> 1912. *Held,* that while the fact that the deed antedated the
> judgment created a presumption of delivery on the date of
> the deed, it did not make the title a marketable one; plaintiffs
> therefore were justified in not taking title and may recover
> back their deposit and expenses unless they elect to take the
> title as it is.

ACTION to compel specific performance.

Edward M. Grout and Paul Grout (Dean Potter, of
counsel), for plaintiffs.

Rose Gottlieb, for defendant.

CROPSEY, J. The plaintiffs refuse to take title under
a contract to purchase real estate, on the ground of an
unsatisfied judgment against the former owner of the
property. They bring this action to compel specific
performance or to recover their deposit and expenses.
The judgment in question was docketed September 18,
1912, at nine forty-eight A. M. It is for $3,673.36. On
October 5, 1912, a deed was recorded, made by the
parties against whom the judgment was entered. That
deed was dated September 17, 1912. It is undisputed

that a deed is presumed to have been delivered upon the day it bears date. *People* v. *Snyder,* 41 N. Y. 397; *Biglow* v. *Biglow,* 39 App. Div. 103; *Ewers* v. *Smith,* 98 id. 289; *Ranken* v. *Donovan,* 115 id. 651. It is also unquestioned that an unrecorded deed duly delivered takes priority over a judgment in the absence of fraud or other superior equity. *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221, 227; *Sullivan* v. *Corn Exchange Bank,* 154 App. Div. 292; *Sweetland* v. *Buell,* 164 N. Y. 541. But the question in this case is not determined by these principles alone. The question is whether the defendant had a marketable title which the plaintiffs could have been compelled to take. A purchaser is entitled to an undisputable title, that is, one free of defects and incumbrances and one which a reasonable purchaser would accept. He is not obliged to buy a law suit, nor can he be compelled to take a title about which there is a question that will require parol evidence to establish. Under the authorities it seems clear that the mere fact that the deed in question was dated the day before the judgment was docketed, while that creates a presumption of its delivery on that date, does not make the title one which is free from doubt but rather suggests strongly the possibility that the transfer was made to defeat the judgment and hence that the title is not marketable. *Moore* v. *Williams,* 115 N. Y. 586; *Fleming* v. *Burnham,* 100 id. 1, 9, 10; *Holly* v. *Hirsch,* 135 id. 590, 598; *Todd* v. *Union Dime Savings Institution,* 128 id. 636; *Brokaw* v. *Duffy,* 165 id. 391; *Cerf* v. *Diener,* 210 id. 156; *Anderson* v. *Steinway & Sons,* 178 App. Div. 507; affd., 221 N. Y. 639. In *Johnston* v. *Garvey,* 139 App. Div. 659, 663, the court said: "A purchaser should not be required to take a title, the validity of which depends upon a question of fact whether an unrecorded deed had been delivered."

It follows that the plaintiffs were justified in not taking title and hence they may recover back their deposit and expenses unless they elect to take the title as it is. They cannot require the defendant to pay a judgment which he claims is not a lien nor can they require the amount of the judgment to be deposited. That would be making a new contract between the parties, which the court cannot do. The plaintiffs must either take the title as it is or they may be put back in the position they were in before making the contract.

Judgment accordingly, without costs.