LOUIS SIMON and Another, Appellants, v. EDNA R. LaBar, Respondent.

Fourth Department, March 9, 1927.

Mortgages — action by mortgagees to recover against subsequent owner of property — deed to defendant contained agreement to assume mortgage — defense that defendant had no knowledge of and never consented to assumption clause — plaintiff made out prima facie case by proof that deed to defendant was recorded, that defendant went into possession, paid interest on mortgage and subsequently conveyed property by deed containing same assumption clause.

The plaintiff mortgagees bring this action against the defendant, to whom the property was deeded subsequent to the execution of the mortgage. The plaintiffs base their right to recover on a clause contained in the deed given to the defendant, in which the defendant covenanted to assume and pay the mortgage in question. The defense interposed was that the defendant had no knowledge of the assumption clause and never consented to it.

It was error for the court to dismiss the complaint at the close of plaintiffs' case, for the plaintiffs made out a prima facie case by proof that the deed of the property to the defendant, containing the clause in question, was recorded; that the defendant went into possession of the property, collected rents therefrom, paid interest on the mortgage to the plaintiffs, and subsequently conveyed the property to a third person by a deed which contained the same assumption clause on the part of the third person.

APPEAL by the plaintiffs, Louis Simon and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 10th day of May, 1926, upon the dismissal of the complaint at the close of the plaintiffs' case.

*Plumb & Plumb* [*William T. Plumb* of counsel], for the appellants.

*James S. Bryan,* for the respondent.

HUBBS, P. J. On February 10, 1923, Sol Sand executed a mortgage upon real property situate in Rochester, N. Y., to Louis Simon and Clara May Simon, his wife, plaintiffs herein, to secure a bond executed the same day by said Sand in the sum of $3,800. The mortgage was duly recorded. On December 15, 1923, Sol Sand and wife executed a warranty deed of the premises covered by the mortgage to Edna R. LaBar, the respondent. The deed was duly recorded on the 18th day of December, 1923, three days after the date of its execution. The deed contained the following covenant: " which three mortgages, together with the accrued interest thereon, parties of the second part hereby assume and agree to pay," one of said three mortgages being the mortgage

hereinbefore referred to. On May 28, 1924, Edna R. LaBar executed a warranty deed of said premises to Franklin H. Bartlett and wife, and said deed was duly recorded. Said deed contained a covenant reading the same as the covenant in the deed from Sand and wife to Edna R. LaBar.

The money secured to be paid by said bond and mortgage having become due the mortgagee therein, the appellants herein commenced this action against the respondent, Edna R. LaBar, to recover the sum of $3,800 therein secured to be paid, with interest. The complaint alleges that the said defendant assumed and agreed to pay the same by the assumption clause heretofore quoted. The answer is, in effect, a general denial and an affirmative allegation to the effect that the defendant never saw the deed containing the assumption clause, and had no knowledge of such a clause, and never consented that such a clause should be included in the deed.

At the trial the plaintiffs introduced in evidence the bond and mortgage, the deed from Sands and wife to the defendant Edna R. LaBar, the deed from the defendant Edna R. LaBar to Bartlett and wife, and the certificates of the county clerk showing that said mortgage and deeds had been duly recorded. The plaintiff Louis Simon testified that he had a conversation with the defendant at the lodge room: " Q. What was said there? A. She introduced herself to me personally. Q. Saying what? A. Saying she was Mrs. LaBar, who held a mortgage on my house. * * * The Court: When? The Witness: At the lodge rooms. She said Mr. Arthur Rupert was collecting the rents and paying bills for her and trying to sell the house again. * * * Q. Did you see Mr. Rupert? A. Yes, sir. * * * Q. Subsequent to that conversation did Mr. Rupert pay you the interest that was due? A. He did."

The said plaintiff also testified that three payments of interest had been made on the bond. The rate of interest provided in the bond was six per cent to be paid semi-annually. The principal sum was $3,800. The interest for six months would amount to $114. The bond, introduced in evidence, bore three indorsements of interest paid, each payment being $114. The first indorsement was dated August 10, 1923, the second February 10, 1924, and the third September 8, 1924. The assumption clause in the deed from Sand to the defendant contained a statement of the amount due on said mortgage, being $3,800 and interest from August 10, 1923. The deed from defendant to Bartlett also contained a like statement, showing the amount then due to be $3,800 and interest from February 10, 1924, indicating that the defendant had paid the interest which became due February 10, 1924.

The plaintiffs then rested and the learned trial court dismissed the

40

complaint upon the ground that the plaintiffs had failed to make out a *prima facie* case. We think that was error. It was held in the case of *Lawrence* v. *Farley* (24 Hun, 293) that the recording of a deed is *prima facie* evidence of its delivery. The authority of that decision has never been questioned. It was cited with approval in *Sweetland* v. *Buell* (164 N. Y. 541, 552) where it was said: " If it be said that there is no evidence of a sufficient delivery of any of the various deeds under which the plaintiff claims title, the answer is that they are all recorded as was shown by certified copies of their record, which raises the presumption that they were recorded by the grantee, and the proof of that fact is *prima facie* and presumptive evidence of delivery."

The plaintiffs' case did not rest, however, entirely upon the presumption arising from the recording of the deed to the defendant. As appears from the testimony of the plaintiff heretofore quoted, she went into the possession of the property, collected rents and made a payment of interest to plaintiffs upon the mortgage. She also deeded the property and stated in the deed that the premises conveyed were the same premises conveyed to her by the Sand deed, which was referred to by a reference to the date of its record and the book and page where it was recorded. In that deed also was an assumption clause by which the grantee Bartlett agreed to assume the mortgage in question. Such a clause would have no meaning or interest to the defendant if she were not personally liable for the debt. Those facts and circumstances made a *prima facie* case, and it was error to dismiss the complaint.

It is urged that the case of *Blass* v. *Terry* (156 N. Y. 122) established a different rule. In that case the appeal was from a judgment entered after the close of all the evidence. There the only proof that the defendant, a married woman, had accepted the deed with an assumption clause was the fact that it had been recorded sometime in the office of a clerk in Ohio. Judge O'BRIEN, writing for a majority of the court, reviewed the evidence and held that there was not sufficient evidence in the whole record to establish that the defendant accepted the deed. That case does not hold that a plaintiff does not make out a *prima facie* case by the introduction of evidence similar to that introduced by the plaintiffs in this case.

The judgment should be reversed upon the law and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment reversed on the law and new trial granted, with costs to appellants to abide event.