Edward T. Sullivan, J.
Plaintiff initiated a motion for appointment of a receiver of real property by an order to show cause dated October 22, 1963 granted by Honorable Richard J. Sherman, Saratoga County Judge, returnable at Special Term of Saratoga County Court on November 8, 1963. A hearing was held on January 10, 1964 before Edward T. Sullivan, successor County Judge, at which testimony was taken and evidence introduced. The court finds the following facts it deems essential to the determination.
The real property in question which the plaintiff seeks to place in receivership had been acquired by the City of Saratoga Springs, N. Y., by a tax deed dated October 17, 1960 and held same for resale. By deed dated May 19, 1961 the city conveyed the real property to Aaron M. Brenner, the defendant. This deed was recorded in the Saratoga County Clerk’s office on June 16, 1961. Both the plaintiff and the defendant are practicing attorneys in the State of New York. The uncontradicted testimony of the defendant and one Louis J. Farone, witness for the defendant, established that the defendant represented said Farone and had been retained by him to bid in the property in question. Defendant offered $2,500 for the property, which was accepted by the city. Defendant’s principal, Louis J. Farone, provided the consideration by means of a check in that amount dated May, 1961 to the order of the City of Saratoga Springs issued by Joan F. Snyder and drawn on the Adirondack Trust company, Saratoga Springs, New York. Joan F. Snyder is a relative of Louis J. Farone. The check was delivered to the city and the deed was delivered to the defendant.
On the same day, May 19, 1961, the defendant duly executed and acknowledged a deed conveying the property in blank without including a named grantee. The testimony established that this deed was delivered to the office of Louis J. Farone on May 19, 1961 with the intent that he would insert the name of the grantee he desired to hold title to the property and that he would have same recorded. It was established that it was the custom and practice of Farone and the defendant herein in matters of this nature for the attorney to execute deeds with the grantee left blank and deliver same to this principal. Both of the above deeds and the cancelled check for $2,500 were received in evidence. Actually, however, the deed of May 19, 1961 on which the defendant was the grantor was misplaced, and while it was located prior to the hearing, it was received in evidence without a named grantee and it remained an unrecorded instrument. Since May 19, 1961 the witness Farone testified that he had paid all taxes and all other expenses in *62 connection with the property and had exercised control and dominion over the property. The defendant testified in corroboration that he, the defendant, did not pay any taxes, exercised no authority over the property and in effect had nothing to do with it whatsoever. Subsequently, and on October 18, 1961 plaintiff was granted, entered and perfected a judgment in the Saratoga Springs City Court in his favor against the defendant for the sum of $1,022.43 damages and costs. A transcript of said judgment was filed in the Saratoga County Clerk’s office on January 3, 1962 and still remains unsatisfied of record. The plaintiff herein relies upon sections 259 and 316 of the Real Property Law of the State of New York. These sections, as well as section 291 of the Real Property Law, pertain to recording requirements and the duties of the recording officer. The deed in question is an unrecorded instrument and plaintiff cannot sustain his contentions under the sections enumerated. Section 291 of the Real Property Law makes such a conveyance void as to a subsequent purchaser in good faith for value if he first records his deed. Plaintiff herein became established as a judgment creditor and established his judgment lien, if any, by filing his judgment in the Saratoga County Clerk’s office on January 3, 1962, subsequent to the date of the delivery of the deed in question on May Í9, 1961. He was and is not in a legal position to claim or assert the benefits and protection afforded by section 291 of the Real Property Law as a subsequent purchaser for value without notice and without fraud.
The authorities hold that “ a judgment creditor is not * * * a purchaser [within the meaning of this section] and an unrecorded [deed] * * * [takes] preference over a [subsequent] judgment unless there is a superior equity in favor of the holder of the latter.” (Sullivan v. Corn Exch. Bank, 154 App. Div. 292, 296.) As far back as 1891 the Court of Appeals held and stated in Trenton Banking Co. v. Duncan (86 N. Y. 221, 226-227): “ It is well settled, in this State, that, in the absence of fraud, a judgment takes effect only on the actual interest in land which the judgment debtor has, at the time of the recovery of the judgment, and consequently, that the title of a grantee of the judgment debtor, by deed executed before the entry of the judgment, although unrecorded, takes precedence of the judgment. The fact that the grantee has not recorded his deed, creates no equity in favor of the judgment creditor. The latter is not a purchaser within the recording acts, and purchasers alone are protected by those acts against unrecorded conveyances. ’ ’
*63 Counsel cited no authority which overrules the holding in the Trenton Banking Co. case, and I have been unable to find any decision overruling the principle expressed therein. On the contrary, the decisions subsequent to the 1891 holding-follow and reiterate the principle stated in the Trenton Banking Co. case above cited. (Moffat v. Herman, 116 N. Y. 131, 135; Sweetland v. Buell, 164 N. Y. 541; Lafayette Trust Co. v. Beggs, 213 N. Y. 280, 288; Beman v. Douglas, 1 App. Div. 169, 171; Matter of David, 44 Misc. 516, 521; Tausk v. Siry, 110 Misc. 514, 515; Fox v. Sizeland, 170 Misc. 390, 400.)
In Tausk v. Siry (supra, p. 515) the court stated: “ It is also unquestioned that an unrecorded deed duly delivered takes priority over a judgment in the absence of fraud or other superior equity.”
Plaintiff offered no testimony, evidence or authority that a duly executed and acknowledged instrument containing the name of the grantor, a description of the property and the usual and standard covenants and terms of a warranty deed but omitting the name of the grantee is not a ‘ ‘ deed ’ ’ which legally conveys the interest of the grantor who executed and acknowledged the same under the circumstances of this case.
The court finds that the defendant herein acted for an undisclosed principal when he accepted and conveyed title on May 19,1961; that the hearing revealed that the undisclosed principal was Louis J. Farone, witness for the defendant; that on October 18, 1961, the date of the City Court judgment, and on January 3, 1962, the date the judgment was filed in the County Clerk’s office, the defendant had no interest in the real property conveyed by the two deeds dated May 19, 1961, both of which were duly delivered, to which the lien of the subsequent judgment acquired by the plaintiff could attach.
Motion denied, with $20 costs.