Emmett J. Schnepp, J.
Robert W. Carter, as surviving spouse, by notice filed on March 14, 1962 elected to take against the will of Marion Carter who died on December 2, 1961. Her last will and testament left certain real property to her two daughters and made no provision for RobertW. Carter. Robert W. Carter executed and delivered a quitclaim deed to the premises to such legatees on September 30, 1962, which deed was recorded on August 22, 1966. Eleanor V. Carter perfected a judgment against Robert W. Carter on February 4, 1965 in the amount of $12,512.25. Plaintiff later acquired title to the real property in question. Plaintiff seeks to bar defendants from all claims in such real property and for a judgment declaring that such money judgment is not a lien upon such real property. (Real Property Actions and Proceedings Law, art. 15.)
The filing of the notice of election subjected each testamentary gift, as far as a gift would go, to his statutory lien, but the lien itself was “to be satisfied from the subject matter of the several gifts or by exoneration of their respective donees ”. (Matter of Taliento, 9 Misc 2d 167, 168.) Where the will does not indicate any intent to prefer one legacy over another, all the legacies must contribute ratably to the share of the surviving spouse by virtue of his election, whether the legacy be general, specific or residuary. (Matter of Nicholson, 49 Misc 2d 421.) Robert W. Carter by the filing of such notice of elec *1094 tion acquired no title interest to any specific estate assets. (Steuer v. Hector’s Tavern, 1 Misc 2d 614.)
In any event the surviving husband divested himself of any interest he might have claimed in the real property by the execution and delivery of the quitclaim deed. The fact that the deed was not recorded by the grantees creates no equity in favor of the defendant judgment creditor, inasmuch as the protection of the recording act is for subsequent purchasers and not judgment creditors. (Real Property Law, § 291; Savings & Loan Assn. v. Berberich, 24 A D 2d 187, 189; Suffolk County Fed. Sav. & Loan Assn. v. Geiger, 57 Misc 2d 184, 186; Saidel v. Brenner, 44 Misc 2d 60, 62.)
The proofs before the court do not establish the existence of a genuine triable issue of fact and the motion by plaintiff for summary judgment is granted.