JAMES C. CAYWOOD, as Guardian, etc., Respondent, *v.* JOHN K. VAN NESS, Appellant.

*Conversion of a bond and mortgage, by a second assignment thereof.*

Where it is shown that a person executed an assignment of a bond and mortgage to another, and thereafter again assigned such bond and mortgage to a third person before the previous assignment had been recorded, a cause of action is presumptively made out by the first assignee, and the subsequent sale of the security establishes a conversion.

APPEAL by the defendant, John K. Van Ness, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of April, 1893, upon the verdict of a jury rendered at the Kings County Circuit.

The complaint in this action contained in substance the following allegations:

" That on the 31st day of January, 1889, and for a certain time prior thereto, one David G. Caywood was the guardian of the estate of Ellen M. Caywood and Mary A. Caywood, infants under the age of fourteen years. And this plaintiff, on information and belief, alleges that said David G. Caywood, as such guardian, had in his possession, on the said 31st day of January, a large sum of money belonging to said infants' estate.

" That on which day the defendant was the owner of a certain bond and mortgage respectively bearing date the 28th day of December, 1888, executed by Esther Jersey and John D. Jersey to Alexander Waldron, and which mortgage covered certain real property in the city and county of New York, and was to secure the payment of three thousand and twenty dollars, said bond and mortgage having been assigned to said defendant on the 17th day of January, 1889.

" That on the 31st day of January, 1889, the defendant granted, bargained, sold, assigned and set over to the said David G. Caywood, as such guardian, in consideration of three thousand and twenty dollars, the said bond and mortgage, and received the said sum from said David G. Caywood; whereupon said bond and mortgage became and were the property of said infants, and said David G. Caywood, as such guardian, became and was, and he and his successors ever since have been, entitled to the possession of the same, together with the interest accruing thereon.

" That said David G. Caywood retained possession of said assignment, but neglected to record the same in the office of the register of the city and county of New York, and that the same has never been so recorded.

" That said David G. Caywood did not take said bond and mortgage into his personal possession, but left the same with and in the care and custody of the defendant.

" That on the 4th day of April, 1889, the defendant, having said

bond and mortgage in his possession, as aforesaid, wrongfully converted the same to his own use, and wrongfully and fraudulently pretending to own the same, sold and assigned them to one Reuben R. Finch, and received from said Finch the sum of three thousand and sixty dollars ($3,060) therefor, and on the same day said Finch caused such assignment to him to be recorded in the office of the register of the city and county of New York. That such assignment by the defendant to Finch is in all respects like that which is hereunto annexed except as to the date thereof.

" That the said David G. Caywood departed this life on the 10th day of February, 1890, and on the 28th day of August, 1890, this plaintiff was, by the surrogate of the county of Seneca, duly appointed such guardian in said David G. Caywood's place and stead, said infants then and now residing in said last-mentioned county.

" Wherefore, the plaintiff demands judgment against the defendant for three thousand and twenty dollars, with interest from January 31, 1889, besides the costs of this suit."

*Robert Payne,* for the appellant.

*William G. Cooke,* for the respondent.

BARNARD, P. J.:

David G. Caywood was appointed by the surrogate of Kings county guardian of his two infant daughters, Ellen M. Caywood and Mary A. Caywood. He died in February, 1890, and there was found among his papers an assignment of a bond and mortgage executed by the defendant to David G. Caywood, guardian. No bond and mortgage was found. The plaintiff was properly appointed guardian of the children, and he brings this action to recover for a conversion of the bond and mortgage by the defendant. It was proven that in April, 1889, the defendant assigned the bond and mortgage to Reuben R. Finch, and that the previous assignment to the plaintiff's predecessor as guardian was not recorded. These facts presumptively made out a cause of action. The written paper passed the title to the bond and mortgage, and the subsequent sale of the securities by the defendant established a conversion of the same. (*Fulton* v. *Fulton,* 48 Barb. 581.)

The proof also supports the verdict of the jury. It was proven that when the defendant's attention was called to the fact of the assignment being found among the deceased guardian's papers, he suggested that possibly the guardian may have assigned the paper to raise money on it. He had then again assigned the papers himself. The defendant in April, 1889, admitted that he had $2,000 of Caywood's money (the deceased guardian), and he spoke of it as a fund. This was about the very date of the second assignment made by Van Ness. The proof shows that the fund belonging to the children was about the sum of $2,083.33. The defendant received over $3,000 on the second sale of the mortgage. The defense consisted of evidence tending to show a settlement with the deceased guardian just before the second assignment. The credibility of the witnesses was a question for the jury, and their finding, based upon a refusal to credit this settlement, is fully sustained by the whole body of the evidence.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

PRATT, J. :

This is an appeal from a judgment entered upon the verdict of a jury.

The evidence is necessarily meagre from the peculiar circumstances of the case, but we think it is sufficient to sustain the verdict.

The great point made by the defense is, that there is not sufficient evidence of conversion to warrant the finding of the jury.

It seems to me this contention cannot be readily sustained. The assignment by Van Ness to Caywood, the general guardian, vested the title of the bond and mortgage in him, and it was immaterial whether it was delivered to him at the time or not, although a witness for the defendant testified that he saw it delivered at that time. By some means, which do not clearly appear, Van Ness regained possession of the bond and mortgage and assigned them to another party. Such assignment was a conversion unless Van Ness was rightfully the owner of the bond and mortgage at that time, and the jury has found that he was not such rightful owner. This result was partly reached through the admissions and statements of the defendant himself.

The defendant well knew that he was dealing with a guardian, and his misfortune is that the jury did not believe his witness who testified to a settlement with the guardian.

The whole transaction, as far as it is possible to obtain evidence of it, was before the jury, and, considering the various statements as testified to by plaintiff's witnesses, we cannot say the verdict was erroneous in any respect.

We have examined the exceptions taken upon the trial and find no error sufficient to warrant the granting of a new trial.

Judgment and order denying new trial affirmed, with costs.