[Civil No. 1506. Filed January 10, 1917.]

[162 Pac. 60.]

CHARLES E. WILTBANK, Appellant, v. SARAH A. WILTBANK, Appellee.

1. DIVORCE—STIPULATION AS TO PROPERTY—VALIDITY.—A decree in a divorce action reciting stipulation of the parties that the divorced wife "shall have the home and furniture therein," etc., did not compel either party to divest himself or herself of the title to separate property, contrary to the direct prohibition of Civil Code of 1901, paragraph 3116, now Civil Code of 1913, paragraph 3862, although the home was the separate property of the husband, for the decree did not purport to divest the husband of his title, but merely recited the terms of the stipulation, which, not being in writing or subscribed and delivered by the husband, could not take effect as a conveyance under Civil Code of 1901, paragraph 721.

2. DIVORCE—DECREE—STIPULATIONS—CONCLUSIVENESS.—Where decree in divorce suit recited the stipulation of the parties that the divorced wife "shall have the home," the divorced husband thereby forever relinquished all right to the property described as "the home," notwithstanding the decree was broader than the evidence warranted, and he could not question, so far as his rights were affected, a decree in her favor in action against him to quiet title to her in such home, although the children of the union, not being joined, would not be concluded by such decree.

[As to power of court to modify decree for alimony based upon agreement of parties, see note in Ann. Cas. 1912C, 446.]

APPEAL from a judgment of the Superior Court of the County of Apache. John A. Ellis, Judge. Affirmed.

Mr. George Estes and Mr. A. S. Gibbons, for Appellant.

Mr. Isaac Barth, for Appellee.

CUNNINGHAM, J.—This is an action to quiet title, commenced by Sarah A. Wiltbank against Charles E. Wiltbank, The property involved is situate in Eagar, Apache county, Arizona.

The plaintiff's title depends upon the following provision contained in a decree of absolute divorce rendered by the dis-

trict court of the territory of Arizona on the sixth day of October, 1910, sitting in and for Apache county, to wit:

"By agreement of both of the parties hereto it is understood that the cross-complainant shall have the home and furniture therein, except the personal effects of the plaintiff, and the allowance of thirty dollars for the care, custody and maintenance of said minor children and cross-complainant is made upon said agreement."

The cross-complainant referred to in this entry is the plaintiff in this action, and she, with the defendant in this action, were both parties referred to, and the minor children are two children of the plaintiff and defendant, Anna A. and Cora E. Wiltbank. The home mentioned is the property involved in this action and is described in the amended complaint. These matters are sufficiently set forth in the complaint.

The defendant answering says: " . . . That on or about the sixth day of October, A. D. 1910, the plaintiff herein and the defendant herein made and entered into an agreement whereby the defendant was to pay the plaintiff the allowance of $30 per month for the care, custody and maintenance of their said children during minority. That in said agreement it was further agreed between this plaintiff and defendant that the plaintiff herein was to have the home as a place of living and the use of the furniture therein for the sole purpose of raising said children and taking care of them during their minority."

The answer then alleges that the understanding the defendant had of the agreement and decree rendered was that said home and place was to be and remain his property, and did not divest his title. The effect of this answer is to admit the existence of the agreement reached, as evidenced by the recital in the decree, and place in issue the legal construction of the agreement so evidenced. This agreement was made in open court, and became a matter of record of that court, by having been incorporated in the decree rendered. At the time this agreement was reached, the "home" was the separate property of the defendant. The question here involved is whether the agreement reached in said court, as evidenced by the recital in the divorce decree, is competent evidence authorizing a decree establishing and quieting the plaintiff's title to the "home."

The appellant contends that the extent of the agreement was to convey to the appellee the property to be held for the use and benefit of the minor children during their minority, with the reversion to appellant. The plaintiff-appellee contends that the entire estate passed to her in fee simple, and the court so held by its decree quieting her title thereto.

The court in pronouncing the decree of divorce had no authority to compel either party to divest himself or herself of the title to separate property. Paragraph 3116, Revised Statutes of Arizona 1901, now paragraph 3862, Civil Code 1913. The decree in evidence does not purport to divest Charles E. Wiltbank of the title to the property. The extent of the decree is to recite the terms of a stipulation entered into by the parties affected by the decree in open court. The stipulation declaring the conveyance was not in writing, nor subscribed and delivered by Charles E. Wiltbank, the party disposing of the property. Such agreement cannot take effect as a conveyance by the express provisions of paragraph 721 of the Revised Statutes of Arizona of 1901, then and now in force.

From the pleadings and evidence, the fact conclusively appears that the parties, with the assistance of their respective attorneys, made the stipulation in open court. Such stipulations so made and recorded in the proceedings cannot be questioned by the parties. 36 Cyc. 1282, and cases cited in note 18. The only question left open is the construction of the stipulation.

The language of the stipulation as preserved in the decree is that:

"It is understood that the cross-complainant shall have the home and the furniture therein . . . and the allowance of thirty dollars for the care, custody, and maintenance of said minor children and cross-complainant. . . . "

Three separate things are given—the home, the furniture and $30. These things are given for the use and benefit of whom? The minor children and the former wife, their mother. The length of time the said parties shall have the home, the furniture and the $30 is not limited by the terms of the stipulation. Consequently they must take the entire estate.

The plaintiff and the two minor children, so far as the stipulation informs us, became tenants in common in the real estate, the home, and equity would force the presumption in the absence of anything to the contrary that these three parties would take equal, undivided shares of the estate.

The minors are not parties to this action, and for that reason their rights cannot be adjudicated. The defendant-appellant cannot be heard to question his solemn stipulation made in open court, and by that stipulation he forever relinquished all of his right, title, claim, interest, demand and estate in and to the property shown by his and other evidence to have been described as the "home." The decree in this case is broader than the evidence warrants, in the particular that it purports to give the plaintiff the entire estate in the property, while the evidence only warrants a decree establishing plaintiff's title to the extent of an undivided one-third interest, and exclusive possession of the whole, for the benefit of the minor children.

The appellant is wholly without interest in that matter—in no event can he suffer, as he relinquished all his rights in the property through the said stipulation. So far as his rights are affected, the decree is correct, adjudging that:

"Sarah A. Wiltbank is entitled, as against said Charles E. Wiltbank, to have her title to said property quieted by a judgment of this court."

The decree and judgment will be amended by adding to the words quoted, after the words "this court," as follows: "without prejudice, however, to the rights of Anna A. Wiltbank and Cora E. Wiltbank, minors, as their rights, may appear," and, as amended, will stand affirmed, with costs of both courts to the appellee.

Judge LYMAN permits me to state that he concurs in the opinion.

FRANKLIN, C. J., concurs.

N. B.—ROSS, J., being disqualified, and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Honorable FRANK H. LYMAN, Judge of the superior court of the state of Arizona in and for the county of Maricopa, to sit with them in the hearing of this cause.