[Civil No. 1819.  Filed May 4, 1921.]

[197 Pac. 888.]

# STOCKMEN'S STATE BANK, Administrator of the Estate of LUCY ELIA CASTILLO, Deceased, Appellant, v. MERCHANTS' AND STOCKGROWERS' BANK, Administrator of the Estate of NASIF TAMER, Deceased, Appellee.

1. EXECUTORS AND ADMINISTRATORS—ESTATE NOT LIABLE FOR WRONGFUL ACTS OF ADMINISTRATOR.—An estate is in no way responsible for wrongful acts of its administrator or executor, and cannot be held liable for a tort committed by him, nor for damages for breach of a contract entered into by him; neither are executors liable as such for contracts made by them concerning the estate, but trover will lie against the representative personally for a conversion by him, though the property came to him with the estate of his decedent; although action may be brought against an administrator in his representative capacity for an intestate's conversion of property in his lifetime under Civil Code of 1913, paragraph 969.

2. STIPULATIONS—STIPULATION TO HOLD PROPERTY FOR EVENT OF DECISION UPON ORDER BREACHED BY SALE OF THE PROPERTY BEFORE DECISION.—Where the probate court ordered certain sheep listed as part of the assets of an intestate's estate to be turned over by his administrator to a claimant, and they were turned over by the administrator under agreement with the claimant to hold them pending appeal from the order and to return them to the administrator in case the Supreme Court should hold their delivery to her was erroneous, and claimant sold the sheep without waiting for the Supreme Court's decision, using the purchase price as her own, and later the Supreme Court decided that the order was void because made and entered without jurisdiction, she was guilty of the conversion of the property sold as of the date of the sale, it being immaterial that the merits of controversy as to the actual ownership of the sheep were not determined, as, under the stipulation, the only question to be determined was whether the original delivery was erroneous, that is, not pursuant to a valid order.

3. TROVER AND CONVERSION—SALE A "CONVERSION."—The sale of property belonging to another constitutes a "conversion" thereof.

4. EXECUTORS AND ADMINISTRATORS—IN ACTION FOR ADMINISTRATOR'S CONVERSION, RECOVERY CANNOT BE HAD UPON PROOF OF INTESTATE'S CONVERSION.—In action against administrator for his individual

conversion of certain sheep, where it appeared that these sheep were not a part of the assets taken over by him as administrator, but had been sold by intestate nearly two years before her death, judgment for plaintiff could not be upheld under the provisions of Civil Code of 1913, paragraph 969, as being for a conversion by defendant's intestate, for if plaintiff desired during the trial to shift the cause of action from the administrator's wrong to the intestate's, permission should have been requested at the close of the evidence to amend the complaint to conform to the proof.

5. LIMITATION OF ACTIONS—UNDER STIPULATION, CAUSE OF ACTION FOR CONVERTING GOODS AROSE AT DATE OF SALE, AND NOT AT DE-CISION OF APPEAL — LIMITATIONS NOT SUSPENDED BY OWNER'S IGNORANCE OF SALE.—Where claimant of sheep took possession of them under stipulation that if the order of the probate court awarding them to her should be reversed, they should be re-turned, but, disregarding the stipulation, sold them before the appeal from the order was determined adversely to her, the cause of action for her conversion by such sale arose, as respects the running of limitations under Civil Code, paragraphs 710, 725, at the time of the sale, and not at the date of the Supreme Court's decision reversing the order; and the fact that the owner of the sheep did not know of their sale did not suspend the running of the statute until discovery of the sale, there being no fraud or attempt to conceal the sale.

APPEAL from a judgment of the Superior Court of the County of Apache. F. H. Lyman, Judge. Reversed.

Mr. Fred W. Nelson, Messrs. Armstrong, Lewis & Kramer and Mr. J. Early Craig, for Appellant.

Mr. C. H. Jordan, for Appellee.

McALISTER, J.—This is an action by the Merchants' & Stockgrowers' Bank, administrator of the estate of Nasif Tamer, deceased, against the Stockmen's State Bank, administrator of the estate of Lucy Elia Castillo, deceased, for the recovery of $4,955, the value of 354 head of sheep, twenty-four stock cattle, and two work horses. From a judgment against it for $3,540, the value of the sheep, and an order de-

nying its motion for a new trial, appellant brings this appeal.

Nasif Tamer, a Syrian by birth, but for many years a resident of Apache county, Arizona, died there December 23, 1916, and on February 10, 1917, the plaintiff-appellee, Merchants' & Stockgrowers' Bank, was appointed administrator of his estate. Lucy Elia Castillo, also a Syrian by birth, died in the same county on March 22, 1919, and her mother, Elena Elia, the following day. On April 19th, thereafter, the defendant-appellant, the Stockmen's State Bank, qualified as administrator of Lucy Elia Castillo's estate.

Nasif Tamer and Elena Elia were the owners separately of several bands of sheep and in 1914, 1915, and 1916 up to his death, Tamer ran Elena Elia's sheep on shares. On December 28, 1916, and again on February 6, 1917, by bill of gift confirming the same, Elena Elia executed and delivered to her daughter, Lucy Elia, a bill of sale transfering to her, among other things, 3,800 head of sheep in which was included 354 head, the ownership of which, along with that of a few cattle and horses, is the subject matter of this action, though the cattle and horses are not involved in the appeal. An inventory and appraisement was filed in the Nasif Tamer estate, in which these 354 sheep were listed as a part of the assets, and a short while thereafter, to wit, on April 19, 1917, the superior court of Apache county, sitting in probate and acting upon the petition of Lucy Elia Castillo, then Lucy Elia, after a hearing at which evidence was taken, entered an order directing appellee, the administrator of the estate, to turn over and deliver to Lucy Elia the 354 sheep, she being in its judgment the owner thereof. Certain alleged heirs of Nasif Tamer were dissatisfied with this order, and appealed therefrom to the Supreme Court of the

state. But, according to the complaint, the 354 sheep were delivered to Lucy Elia, notwithstanding this order, upon an oral understanding between her and the plaintiff (and the court found this to be a fact)—

"That she 'said Lucy Elia Castillo would hold said personal property and sheep pending said appeal, and that if the Supreme Court should hold said delivery to Lucy Elia Castillo was an erroneous delivery, then said personal property and sheep so delivered to said Lucy Elia Castillo should be delivered back to plaintiff."

Appellee alleges also that appellant, upon qualifying as administrator of her estate on April 19, 1919, took possession of these sheep and other personal property with full knowledge of the foregoing agreement, of the aforesaid probate order, and of the opinion of the Supreme Court of Arizona rendered March 31, 1919, holding it null and void and of no force and effect whatsoever because made and entered without jurisdiction. *Estate of Nasif Tamer,* 20 Ariz. 232, 179 Pac. 644. On September 19th, thereafter, appellee demanded of appellant the return of the 354 sheep, the cattle, and the horses, but the request was refused, and the complaint, filed on October 20th following, alleged what the court found to be a fact, that appellant, Stockmen's State Bank, "wrongfully and unlawfully converted the said property and sheep to its own use," though it was at the same time found, as appellant had alleged:

"That the 354 head of sheep mentioned in the complaint, and which had been turned over as aforesaid to Lucy Elia, were not among the property of Lucy Elia Castillo taken over by defendant at the time that defendant took charge and possession of all of the property of said Lucy Elia Castillo, deceased, as aforesaid; that the same had theretofore, on the fourteenth day of May, 1917, been sold and delivered to one E. R. Chambers."

Excepting the last quotation, the essential facts were found as alleged by appellee, and the foregoing *résumé*, together with the one following of appellant's pleadings, will enable one to understand the questions presented by the appeal. After demurring generally, a special demurrer was interposed based on an alleged defect of parties defendant, in that the Stockmen's State Bank, a corporation, was sued in its representative capacity, as administrator of the estate of Lucy Elia Castillo, deceased, rather than in its individual capacity. Appellant denies both in its answer and testimony that the sheep ever came into its possession as administrator of the estate of Lucy Elia Castillo, or that they ever formed a part of the assets of her estate, or that it "wrongfully and unlawfully converted the said property or any part thereof to its own use," and alleges that Lucy Elia Castillo took possession of said sheep on April 19, 1917, as their owner, asserted absolute title thereto from then on, in the exercise thereof sold and delivered them on May 10, 1917, taking the purchase price thereof and using it as her own; and further, that if there was any conversion of said property it was by said Lucy Elia Castillo in her lifetime, either on April 19, 1917, when she took possession of the sheep, or on May 10, 1917, when she sold and delivered them to Chambers and received the purchase price therefor; that consequently any cause of action appellee may have had for the recovery of said sheep, or their value, is barred under the provisions of paragraphs 710 and 725, Revised Statutes of Arizona of 1913, by the lapse of more than two years and twenty-eight days from the date Lucy Elia Castillo detained and converted to her own use said property until the commencement of this action on October 20, 1919. It is further pleaded that no claim for said sheep, or the value thereof was presented to appellant as ad-

ministrator of the estate of the said Lucy Elia Castillo, though notice to the creditors thereof was duly published, the first insertion appearing under date of April 26, 1919.

The complaint alleges possession and conversion of the sheep by the administrator, but nowhere refers to a conversion thereof by the intestate, Lucy Elia Castillo. Hence, it is urged in behalf of the demurrer that, since the action is founded, so far as the complaint discloses, on the wrong of the administrator rather than that of the intestate, it should have been instituted against the appellant, Stockmen's State Bank, in its individual capacity. This contention is correct because an estate is in no way responsible for wrongful acts of its administrator or executor and cannot be held liable for a tort committed by him, nor for damages for the breach of a contract entered into by him; neither are executors liable as such for contracts made by them concerning the estate. *Ferrin* v. *Myrick,* 41 N. Y. 315; *Austin* v. *Monroe,* 47 N. Y. 360; *Nickals* v. *Stanley et al.,* 146 Cal. 724, 81 Pac. 117; *Sterrett* v. *Barker,* 119 Cal. 492, 51 Pac. 695; *Eustace* v. *Jahns,* 38 Cal. 3. But—

"Trover will lie against the representative personally, for a conversion by him, though the property came to him with the estate of his decedent." Shouler, Executors and Administrators (2d ed.), par. 385, note.

Appellee urges, however, that the action is based on the intestate's conversion of the property, and that therefore the proper party defendant is the administrator in his representative capacity, citing as authority paragraph 969, Revised Statutes of 1913, which reads as follows:

"Any person or his personal representatives may maintain an action against the executor or administrator of any testator or intestate who, in his life-

time, has wasted, destroyed, taken, or carried away or converted to his own use the goods or chattels of any such person, or committed any trespass on the real estate of such person.''

This contention would undoubtedly be correct if a conversion by appellant's intestate had been alleged, but for the purposes of the demurrer the court could only look to the complaint, and since no such allegation appeared therein, no facts are disclosed making this paragraph applicable. The demurrer should have been sustained, but it was overruled, and the case tried as though a good cause of action against the Stockmen's State Bank in its representative capacity had been alleged. This necessitates a consideration of certain of the other assignments.

It is urged by appellant that there is not sufficient evidence to support the court's finding regarding the agreement under which appellee delivered the sheep to Lucy Elia Castillo on April 19, 1917, but, inasmuch as there is substantial testimony upholding this disputed fact, we accept it as correct, and will dispose of the appeal on this basis.

By the terms of this agreement it was the duty of Lucy Elia Castillo to hold the sheep in her possession, pending the appeal from the probate order, that she might be in a position to return them to appellee in case the Supreme Court should hold their delivery to her erroneous; but, instead of doing this, she sold them on May 14, 1917, just twenty-five days after they were delivered to her, took the purchase price thereof, and used it as her own, thus placing it beyond her power to comply with her agreement if the event requiring her to do so should occur. In its decision of March 31, 1919, the Supreme Court held, in effect, that the delivery of the sheep to her was erroneous. She therefore sold what belonged to another, so far as the record discloses, and in so doing was guilty of

a conversion of the property. sold as of the date of sale.  2 Words and Phrases, p. 1562; *University of North Carolina* v. *State Nat. Bank,* 96 N. C. 280, 3 S. E. 359, 361; *King* v. *Franklin,* 132 Ala. 559, 31 South. 467, 468; *Baker* v. *Beers,* 64 N. H. 102, 6 Atl. 35, 37; *Mahaney* v. *Walsh,* 16 App. Div. 601, 44 N. Y. Supp. 969, 971.

The fact that the merits of the controversy between appellee and appellant's intestate as to the actual ownership of the sheep were not determined is not material.  The decision having held the probate order directing delivery null and void, any delivery made in pursuance of it was erroneous, and, under the agreement, nothing else had to be decided before the parties might know whether the sheep should be returned.  The tribunal for determining whether the delivery was erroneous having been agreed on, neither party can be heard to complain because the result arrived at by the tribunal was reached by applying principles different from those the parties may have thought necessary to attain that end.

It is not apparent upon what theory the finding that appellant "wrongfully and unlawfully converted the sheep to its own use" was made, after it had been established, and found to be a fact, that these same sheep were not a part of the assets of the estate of Lucy Elia Castillo taken over by appellant as administrator, but had been sold by her nearly two years before her death.  These findings are contradictory.  The mere statement of them is sufficient to disclose the impossibility of a conversion by appellant, for it could not appropriate to its own use something that had not been in its possession.  Neither in its brief nor testimony, however, does appellee attempt to uphold its allegation of a conversion of the sheep by the appellant, but urges that this portion of the complaint as well as the findings to the same effect,

should be treated as surplusage and the judgment upheld under the provisions of paragraph 969, Revised Statutes of 1913, above cited, as for a conversion by appellant's intestate. But the action is not founded upon a conversion by the intestate; hence appellee is not in a position to ask for judgment based on her wrong. If it had wanted, during the trial, to shift its cause of action from the wrong of the administrator to that of the intestate, it should at least have requested permission at the close of the evidence to amend its complaint to conform to the proof. It cannot allege a wrong committed by one person and recover for a wrong committed by another, for the *allegata* and *probata* must correspond. 1 Greenleaf's Evidence, par. 51.

Appellant urges that, inasmuch as its intestate was guilty of a conversion of the sheep when she sold them to Chambers on May 14, 1917, and this suit was not begun until October 20, 1919, more than two years and six months thereafter, any cause of action appellee may have had for the value of the sheep is barred by the limitation provided in paragraphs 710 and 725, Revised Statutes of 1913, the first of which reads as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: . . . (3) Actions for detaining the personal property of another and for converting such personal property to one's own use."

Paragraph 725 merely provides for the suspension of the running of the law of limitation during the period between the death of the person against whom the cause of action exists and the qualification of the administrator or executor of such deceased person's estate. In this instance the intestate, Lucy Elia Castillo, died on March 22, 1919, and appellant quali-

fied as administrator of her estate on April 19, 1919, making a period of twenty-eight days in which the bar of the statute did not run, or a period of two years and six months exactly, after counting the twenty-eight days, from the date of the death of the intestate until the commencement of the action. Under these facts we are clearly of the opinion that the plea of the statute of limitations is good, for—

"where the taking is lawful but there was an unlawful disposition of the property, the statute of limitations begins to run from the date of the latter." 38 Cyc., pp. 2064, 2065.

In the case of *Johnson* v. *White,* 13 Smedes & M. (Miss.) 584, the court said:.

"An unlawful disposition of property rightfully in possession is a conversion, and the statute begins to run from the time of such disposition. And it is immaterial whether the plaintiff knew of the conversion or not, if no fraud was practiced to prevent his knowledge."

The Supreme Court of Montana, in the case of *Yore* v. *Murphy,* 18 Mont. 342, 45 Pac. 217, uses this language:

"Where a husband sold a flock of sheep belonging to his wife without her knowledge, the statute began to run against her, in favor of the purchaser, at the time of the sale, and not at the time of her discovery of the sale."

In 17 R. C. L. 765, paragraph 131, the rule is stated as announced by these authorities, and there seems to be no holding to the contrary.

There is no allegation, nor was any evidence offered, of an attempt to conceal the sale, or of fraud connected in any way therewith, and while it is true that appellant's intestate agreed to hold the property pending the appeal, yet the superior court, after a hearing at which evidence was taken sufficient to con-

vince it of her ownership, directed a delivery of the property to her, and from this order appellee took no appeal. It is very plain, notwithstanding her agreement, that she thought the property hers and, in disposing of it, did so under a claim of right, feeling confident that the Supreme Court would confirm her ownership. And if appellee itself had been very strongly of the opinion that she was not the owner, it doubtless would have refused delivery and sought to have the order set aside by the appellate court. Under the authorities above cited, therefore, the fact that appellee had no notice of the conversion did not prevent the running of the statute. See 17 R. C. L. 765, par. 131.

Appellee contends further that limitation did not begin to run until the Supreme Court rendered its decision March 31, 1919, because ownership until that time was unknown. But appellant's intestate, according to the findings, took possession of the sheep in pursuance of the agreement, and not in obedience to the probate order. Hence, upon a breach of her contract to retain possession, a cause of action arose in favor of appellee, regardless of the result of the appeal, and the limitation of the statute was in motion from that date.

It is unnecessary to consider the other questions discussed in the briefs. The conclusion reached on the foregoing assignment necessitates a reversal and judgment for appellant. Such is the order.

ROSS, C. J., and BAKER, J., concur.