[Civil No. 3911. Filed January 24, 1938.]

[75 Pac. (2d) 360.]

H. W. FAHRENBRINK and GERTRUDE L. FAHRENBRINK, His Wife, Appellants, v. GRANVILLE MOORE, Appellee.

Mr. Fred L. Ingraham and Mr. Mercer Hemperley, for Appellants.

Mr. R. C. Bennett, for Appellee.

ROSS, J.—This is an appeal by H. W. Fahrenbrink and Gertrude L. Fahrenbrink, his wife, from an order denying their motion to vacate a judgment.

Appellants have not complied with the rules of this court in their briefs and arguments, in that they have not made a concise statement of the ultimate facts or of the contentions of the parties as made by their pleadings, and have not made any assignments of error. Rules VII and XII. After stating in their opening brief what they are appealing from, appellants proceed:

"There are only two major questions to be considered in determining the merits of this appeal,—both being questions of law which appear from an examina-

tion of the pleadings and the record. Briefly stated, these two questions are:

"1. Is the judgment of October 7, 1936, or the judgment of January 15, 1937, the final and only existing judgment in the case?

"2. Did the court have jurisdiction to enter or render either of said judgments?"

█ Accepting this statement of theirs as an assignment of error, let us see where it leads. In the first place, there is but one judgment in the record. It was entered October 7, 1936, and thereafter, on January 25, 1937, it was amended. If error was made in allowing the judgment to be amended, it is not assigned as error. However, question No. 1 is not based upon the facts, and is very misleading. There is, as stated above, but one judgment, and that is the amended one; and since no legal objection is urged against it we assume it was properly entered originally and properly amended thereafter.

As to question No. 2, if the court did not have jurisdiction to enter the judgment or to amend it, appellants have not told us wherein.

█ Their pleadings consisted of general and special demurrers to the complaint and a motion to make more definite and certain. On motion these were stricken as sham pleadings. Whether the court erred in striking these pleadings or not we are not called upon to determine. The ruling is not assigned as error. Section 3780, Revised Code of 1928, provides:

"Sham, irrelevant or frivolous answers and frivolous demurrers may be stricken out, or judgment rendered notwithstanding the same as for the want of an answer."

█ Appellants also made a motion that plaintiff Moore be required "to give bond for the security for the costs of the action." Section 3790, Id. The court did not order the bond given, but proceeded to a trial

without bond. Whether the court erred in this respect or not we are not required to determine for the reason that there is no assignment of error based on this ruling.

 It is quite plain that the two questions propounded by the appellants cannot be regarded as assignments of error, in that they do not point out or remotely show wherein the court committed error.

 "An assignment of errors in appellate procedure is an enumeration by the appellant or plaintiff in error of the errors alleged to have been committed by the court below in the trial of the case upon which he seeks to obtain a reversal of the judgment or decree. It is in the nature of a pleading, and performs in the appellate court the same office as a declaration or complaint in a court of original jurisdiction." 4 C. J. S. 1716, Appeal and Error, § 1217.

Under the facts in this case, the two questions propounded by the appellants in their brief are, at most, only of academic interest.

 The rules of this court concerning appeals are not many nor difficult to understand. They are made to advise the opposite party and the court what questions are to be urged for decision on the appeal. We are disposed to be very liberal and to accept as sufficient assignments those made by a party with any apparent effort to comply with the rules. Here there seems to be a lack of compliance and perhaps effort. We have many, many times decided that there must be an assignment of errors.

The order appealed from is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.