226 P.2d 168

ARMSTRONG v. ARMSTRONG.

No. 5225.

Supreme Court of Arizona.

Jan. 16, 1951.

276

V. L. Hash and Virginia Hash, of Phoenix, for appellant.

George T. Wilson, of Phoenix, for appellee.

UDALL, Chief Justice.

Elizabeth Armstrong, defendant-appellant, has prosecuted this appeal from a judgment rendered in a divorce action and more particularly that portion thereof which divided the property between her and William Cecil Armstrong, plaintiff-appellee. The parties will hereafter be designated as they were in the lower court.

To understand the issue presented, a brief recitation of the facts is necessary. Plaintiff and defendant were first married on August 16, 1926. After nearly 20 years, marital difficulties developed and on March 15, 1945, the parties were divorced by a decree of the superior court of Maricopa County, Arizona. By the terms of the decree the husband was awarded certain personalty including cash, bonds, an automobile, etc., and the defendant wife was given all of the community real property, which then consisted of lot 13, block 2, Kenwood Addition to the city of Phoenix, located at 1522 East Willetta Street. The plaintiff husband, on the same date that the decree was entered and in conformity therewith, executed in favor of defendant a quitclaim deed to this home tract (hereafter called the Kenwood property).

Approximately six months after the parties were divorced, they decided to remarry and did so on September 24, 1945. During the period of the second marriage the plaintiff, through his employment with the Hamman-McFarland Lumber Company, was permitted to invest in several subdivisions sponsored by that company. The initial investment in these enterprises amounted to $6,000, one half of this amount came from the sale of bonds belonging to plaintiff and the other one half from a loan secured by a mortgage on the Kenwood property. The note and mortgage evidencing the indebtedness were jointly executed by the parties. Their investments proved to be profitable and the parties ultimately accumulated a house, located at 3526 East Taylor street, Phoenix, Arizona; certain other real property, described as the Sasse lots; an equity in 4.45 additional

acres of realty on which there remained due $3,800 of the purchase price; certain furniture for both the Kenwood property and the Taylor street property, and a second-hand Buick automobile. In addition the parties made certain improvements on the Kenwood property, i.e., the roof was repainted, interior redecorated, and insulation installed.

Their second marital venture did not fare as well as their investments, and on December 18, 1947, plaintiff brought the instant suit for dissolution of the marriage. Plaintiff alleged, and throughout the trial maintained, that all of the above holdings (including the Kenwood property) were community property. At the trial he testified: "We went back together and were remarried. All of our holdings were again billed as husband and wife, our bank accounts were made joint, and everything else went back as it was prior to the first decree, so that we were just remarried as we were again."

Notwithstanding that defendant in her answer admitted that the Kenwood property had been accumulated as community property, on the day preceding the trial she filed a counterclaim alleging that it was her sole and separate property, and throughout the trial she maintained this position. As a result of the decree in the first divorce proceedings her latter position is unassailable, but it does not change the legal result in the instant case.

No findings of fact or conclusions of law were requested by either party and hence none were made by the court as a basis for the decree entered October 18, 1948. This decree followed the pattern laid down in Brown v. Brown, 38 Ariz. 459, 300 P. 1007, i.e., the bonds of matrimony were dissolved without fixing the blame on either party. It is conceded by both parties that the trial court considered the two marriages as one and in making its division of the property treated all of it as if it belonged to the community estate.

By the terms of the decree there was vested and confirmed in the defendant "as and for her sole and separate property and estate"; (1) the Kenwood property, together with all the furniture, furnishings, and fixtures therein, and (2) the Sasse lots (which the testimony showed were of the reasonable value of $1,500). The decree also provided that defendant was to have custody of a minor daughter, issue of the first marriage, and plaintiff was directed to pay the sum of $50 per month for support of the child and $50 per month as alimony to defendant. Plaintiff was awarded the rest of the property, consisting of the Taylor street property with its furnishings, the equity in the 4.45 acre undeveloped tract, a 1947 Buick automobile, one $50 war savings bond, and the assets and equipment of a certain musical organization known as "Cecil Armstrong and His Arizonians." In addition each of the parties was awarded the small life insurance

policy carried in their respective names, together with the nominal bank account separately maintained by each (the joint account having been depleted prior to the the time of the trial). The testimony showed that the *net* value of the property awarded defendant (including the Kenwood property) was approximately $19,500, whereas the *gross* value of the property awarded plaintiff was some $16,000. However, by the terms of the divorce decree the court expressly ordered and directed plaintiff to assume and pay as his sole obligation, the following items; (1) the mortgage lien indebtedness due on the Kenwood property, amounting to $2,856, and (2) an incumbrance due on the Sasse lots of $200. To insure that plaintiff would pay these, the court impressed a lien on his Taylor street property. Thus, in reality, plaintiff was awarded property, ostensibly belonging to the community, of the net value of only $9,200, although some of the separate funds of both plaintiff and defendant were readily traceable into these assets. Plaintiff, of course, was saddled with the continuing obligation to pay support money and alimony as indicated above, and in addition he was forced to pay the costs, attorney fees, and various other expenses involved.

The sole question presented on this appeal is stated in defendant's one assignment of error which reads: "That the court erred in treating the separate estate of defendant, to-wit: lot 13, block 2, Kenwood Addition, and the furniture therein, of a total value of $18,000.00 as community property, and thereby divesting defendant of the title to her separate property."

In support of which the following proposition of law is submitted: "A court may not, in a decree of divorce, under the guise of dividing the community property, compel either party to divest himself or herself of the title to his or her separate property."

■ This non-controversial proposition of law is a partial rescript of Sec. 27-805, A.C.A.1939, and we have repeatedly held: "The court in pronouncing the decree of divorce had no authority to compel either party to divest himself or herself of the title to separate property." Wiltbank v. Wiltbank, 18 Ariz. 435, 162 P. 60, 61.

See, also, Brown v. Brown, supra, and Schwartz v. Schwartz, 52 Ariz. 105, 79 P.2d 501, 503, 116 A.L.R. 633. Admittedly this is a correct statement of the law, but we fail to see its applicability to the facts in the instant case, and counsel for defendant have failed to point out how it applies. We are unable to follow the reasoning of counsel in urging through the sole assignment of error set forth above that the inclusion of the Kenwood property in the division of community assets amounted to a divestment of her separate title to it. We think it manifest that her title to this separate property was merely confirmed by the terms of the decree, and this decree did not, as of

course it could not, divest her of her pre-existing title thereto.

A comparable state of facts was presented to this court in the Schwartz case, supra. There, as here, the appellant-wife claimed that the trial court unjustly considered a trust estate, which she claimed as separate property, to be community, property, and that the court's inclusion of this estate in the community amounted to divesting her of her separate property and violated Sec. 27-805, supra. This court, in holding contra to appellant's contention, said: "If it should be granted that the trust estate was the separate property of appellant, *the decree does not divest her of her title thereto. Under the decree it continues to be her property.*" (Emphasis supplied.)

It follows that the sole assignment of error in the instant case is wholly without merit.

Without any assignment of error upon which to base her contentions, the defendant in her briefs launches into a discussion (1) as to whether the evidence was sufficient to establish a clear agreement inter sese whereby the Kenwood property, which at the time of the second marriage was unquestionably defendant's separate property, had been transmuted by intention of the parties into community property, and (2) assuming that it had not been so transmuted, whether the court in dividing what was in reality community property and awarding plaintiff the "lion's share" thereof abused its discretion. Plaintiff, with an over-abundance of caution, in his answering brief took up the gage of battle on these points. However interesting these legal questions might be when properly presented, any present expressions thereon would necessarily be dicta.

Rule X, subd. 3 of the Rules of Supreme Court provides: "Any objection to the ruling *or action* of the court below will be deemed waived in this court unless it has been assigned as error. * * *" (Emphasis supplied.)

See also Rules VI, 2(d) and X, subd. 1; Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795. These latter two questions, not having been raised by appropriate assignments of error, are deemed waived. This court, under the rules set forth above, cannot properly consider them.

This litigation should have terminated with the entry of judgment in the court below.

Judgment affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.