425 P.2d 103

**William Gladstone ELERICK, individually and Executor of the Estate of Rose B. Elerick, deceased, and Ava Bernice Elerick, his wife, Appellants,**

v.

**H. Bernard ROCKLIN, dba H. B. Rocklin Real Estate Investments, Appellee.**

No. 8105.

Supreme Court of Arizona.

In Division.

March 15, 1967.

W. Francis Wilson, Phoenix, for appellants.

Leibsohn, Garrett & Goldstein, by Philip T. Goldstein, Phoenix, for appellee.

McFARLAND, Vice Chief Justice.

William Gladstone Elerick, herein referred to as defendant, appeals from an order of the Superior Court of Maricopa County, Arizona, granting summary judgment in favor of H. Bernard Rocklin, herein referred to as plaintiff.

At the time this cause of action arose, defendant was the executor of the estate of Rose B. Elerick, which estate was possessed of certain real property located at 24th Street and East McDowell Road in the City of Phoenix. The property had been listed with a number of real estate dealers, and a "For Sale" sign had been placed on the premises. In January of 1962, plaintiff, a real estate broker, noticed the sign and contacted defendant in regard to the property. Defendant answered plaintiff's inquiry by a letter dated February 5, 1962, describing the property, and mentioning a lease held by Standard Oil Company. Plaintiff discovered the lease provided that

Standard Oil Company had a "first right of refusal" in event of an offer to sell by the owner, and plaintiff telephoned defendant in regard to this fact.

Plaintiff alleges that defendant then told him over the telephone "I'll turn it over to you to handle." Various negotiations were then had with representatives of Standard Oil Company, and as Standard Oil Company desired the property to be more rectangular in shape, negotiations were had with a neighboring land-owner, one Gustafson, to effect a trade, the result of which would cause the subject property to be more acceptable to Standard Oil Company. A subsidiary of Standard Oil Company— Petroleum Facilities, Inc.—did contract to buy the property on or about June 8, 1962. No provision was made in the escrow agreement for the payment of a real estate sales commission. Plaintiff telephoned defendant in regard to his commission, and was advised in a return letter that he was entitled to the commission, and that it should be inserted in the escrow agreement.

Plaintiff brought an action in the Maricopa County Superior Court on July 2, 1962, for recovery of the amount claimed to be due as his commission. Plaintiff moved for summary judgment under Rule 56, Arizona Rules of Civil Procedure, 16 A.R.S. Supporting affidavits were received by the court, and summary judgment was granted in favor of plaintiff. From this judgment defendant brings this appeal.

Defendant presents to this court only one assignment of error, and following the principles of appellate review long established by this court our consideration of the case will be limited to that question. Minton v. Industrial Commission, 90 Ariz. 254, 367 P.2d 274; Armstrong v. Armstrong, 71 Ariz. 275, 226 P.2d 168; Fahrenbrink v. Moore, 51 Ariz. 176, 75 P.2d 360; Andrade v. Andrade, 14 Ariz. 379, 128 P. 813.

In this assignment of error defendant contends the trial court erred in granting summary judgment for plaintiff for the reason that the affidavits supporting plain-

tiff's motion were contested in certain respects, and that therefore there was a material issue of fact before the trial court rendering the granting of a motion for summary judgment improper. Defendant further contends that plaintiff's remaining uncontroverted facts are insufficient to entitle him to summary judgment.

Defendant's verified answer contains a general denial of those allegations of the complaint not expressly admitted. The answer and affidavit both deny in general terms that plaintiff was the procuring cause of the sale.

Arizona Rules of Civil Procedure, Rule 56(c), as amended, 16 A.R.S.Supp., provides in part as follows:

" * * * The judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law. * * *"

The question presented to the trial court was whether the uncontroverted facts presented by plaintiff were sufficient to prove he was the procuring cause of the sale of the property. Porter v. Ploughe, 77 Ariz. 33, 266 P.2d 749; Clark v. Ellsworth, 66 Ariz. 119, 184 P.2d 821; Fink v. Williamson, 62 Ariz. 379, 158 P.2d 159.

Plaintiff stated in his affidavit that he took the necessary steps to negotiate the sale with Standard Oil Company and/or one of its subsidiaries by contacting Mr. W. M. Reynolds of the Standard Oil Company. The supporting facts which he contends show that he was the procuring cause were set forth as follows:

" * * * that Standard Oil Company agreed to purchase said property if certain property situated on the north of the subject matter property owned by the estate could be acquired so as to become a part of the sale and thereafter he contacted the owner of said property on the north, namely one Gustafson, who agreed to give the estate of Rose B. Elerick a portion of his property on the north in exchange for certain property that the estate of Rose B. Elerick was possessed of, and subsequently *a transaction was consummated* for said exchange between said Gustafson and the estate of Rose B. Elerick."

Plaintiff does not allege he obtained a written contract of employment prior to rendition of his services. Plaintiff, however, did present the following letter in support of his motion:

> "June 9, 1962
> Camp Verde, Ariz.
>
> "Mr. H. B. Rocklin
> 110 West Maryland
> Phoenix, Ariz.
> "Dear Sir
>
> "This is to advise you and the Phoenix Title Co. that you as broker and negotiater in making the sale of the property of the Rose B. Elerick estate to the Standard Oil Co. are entitled to 6 per cent commission, and this should be so noted in the escrow between the estate and the Standard Oil Co.
>
> "Yours truly
> W. G. Elerick
> Administrator"

The foregoing letter, although admittedly genuine and unrefuted by controverting affidavits, is not a contract to pay from estate funds for services rendered the estate; as such a contract, in order to be enforceable against the estate, would first have to be approved by the court as a part of the real estate transaction or expenses of administration under the probate laws. Garver v. Thoman, 15 Ariz. 38, 135 P. 724; Stockmen's State Bank v. Merchant's and Stockgrower's Bank, 22 Ariz. 354, 197 P. 888.

Although plaintiff has shown that defendant made an unsworn admission in this letter which would be of great evidentiary weight in support of a finding in plaintiff's favor at a trial of the issues, the court may not weigh its evidence on sum-

mary judgment, but must view the facts presented in the light most favorable to the party opposing the motion. Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111.

Defendant filed a motion in opposition to the summary judgment which was verified by his counsel who stated the motion for summary judgment "was prepared by him and that the facts therein are true of his own knowledge." In this motion in opposition he stated that both Standard Oil Company and defendant knew of Standard Oil Company's "option" on the property for more than twenty years, contradicting plaintiff's statement that he advised defendant of this fact. Counsel for defendant further stated under oath:

"Plaintiff sought permission and got it to find out if Standard Oil was going to renew its lease; then he found out about the option to buy. * * *

* * * * * *

"Standard wouldn't take anyone's advice about the property where they had run a service station for approximately twenty years.

"Plaintiff just went there to see if they were going to buy it so that he could sell it to someone else in case they weren't.

* * * * * *

"The Elerick property was sold to Standard Oil Company, then it traded a portion of the property to Gustafson. * * *"

 While plaintiff states that he "* * * took the initial and necessary steps to negotiate a sale with Standard Oil Co. * * *," this is a mere conclusion of affiant, and adds little to aid the court in its determination. Carpenter v. Superior Court, 101 Ariz. 565, 422 P.2d 129.

 In Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187, we stated:

"The moving party for a summary judgment has the burden to '* * * show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law.' Rule 56(c) Rules of Civil Procedure. This Burden rests upon the moving party regardless of whether he or his opponent would at trial have the burden on the issue. Dyer v. Mac-Dougall, 2 Cir., 201 F.2d 265; Plank v. Schifter, D.C., 85 F.Supp. 397; 6 Moore's Federal Practice (2nd ed. 1953) § 56.15 (3).

"Any inferences from the underlying facts revealed by the affidavit must be viewed in the light most favorable to the party opposing the motion. United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176. A summary judgment should not be granted when there is an issue of fact, nor where there is the slightest doubt as to the facts. Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317.

* * * * * *

"Rule 56(e) is explicit in requiring that 'Supporting and opposing affidavits shall be made *on personal knowledge,* shall set forth such *facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' (Emphasis added.) Obviously mere in conclusions of ultimate fact as are permitted in pleadings and conclusions of law do not meet this test. 6 Moore's Federal Practice (2nd ed. 1953) § 56.22 at 2328, and cases there cited. We feel that the affidavit of the defendant, Dave MacMurtrie, falls short of these standards. A proper affidavit may require more effort than the pleadings themselves and should be prepared with as much care as if the affiant were testifying in court. The crucial function of the summary judgment as a final judgment on the merits of the case requires that the affidavit meet with the requirements of the rule.

* * * * * *

"Because of the determinative effect of a summary judgment upon the rights of

litigants, we feel the following words of caution are appropriate:

" 'We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt despatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which the courts have been established. Denial of a trial on disputed facts is worse than delay. * * * The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered.' Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135." 94 Ariz. at 277, 278, 383 P.2d at 189, 190

The portion of plaintiff's affidavit, which he states was cause for the sale— namely, that he procured a trade of the Gustafson property for part of the property of the estate—was controverted and made an issue in the case by the statement that the Elerick property was sold to the Standard Oil Company, and that the Standard Oil Company then traded a portion of the property to Gustafson. It will also be noted that plaintiff's affidavit merely says that "subsequently a transaction was consummated for said exchange between said Gustafson and the estate of Rose B. Elerick." He does not state in his affidavits facts showing that the transaction was consummated as a result of his efforts. Under any circumstance there is a conflict in the affidavits as to whether a trade was made with the estate, or whether it was made after the Standard Oil Company bought the property of the estate. This portion of the affidavit upon which plaintiff relies heavily as supporting his contention that he was the procuring cause of the sale of the property to the Standard Oil Company is therefore controverted in the affidavit of defendant. The affidavit is also controverted to the extent that defendant states "Plaintiff just went to see the Standard Oil people to see if they were going to buy the property so that he could sell it to some one else in case they weren't." The statement contained in the affidavit that "Standard wouldn't take anyone's advice about the property where they had run a service station for approximately twenty years" is supported by the statement of facts that plaintiff went to see if Standard was going to buy the property first. This raises the inference that plaintiff's business with the representatives of Standard Oil did not facilitate the sale but was merely of an inquisitive nature—that is, for the purpose of determining whether plaintiff would be free to sell the property to another party. As the motion for summary judgment was granted in favor of plaintiff, we must take defendant's assertions as true, and consider the inferences arising therefrom in determining whether plaintiff has established his case.

Plaintiff did not introduce the buyer to the seller; they had been dealing with each other in regard to the subject property for many years. Plaintiff did not participate in the closing of the sale, nor did he enter into the execution of the escrow agreement. All of plaintiff's efforts were made in the absence of a written employment contract, as required by the statute of frauds, of which plaintiff as a licensed real estate broker must surely have been aware. A.R.S. § 44–101, subsec. 7.

Plaintiff's affidavits do not disclose exactly what transpired between plaintiff and the representatives of Standard Oil Company, nor between plaintiff and Gustafson; this leaves an area of doubt as to how the representatives of Standard Oil Company were affected by plaintiff's efforts. This, taken in the light of other statements of facts, renders the question of procuring cause sufficiently unclear to require a denial of plaintiff's motion for summary judgment.

While the affidavit in opposition to the motion for summary judgment contains many conclusions of ultimate fact, it does set forth sufficient facts to raise some issues of fact and certainly to come within the rule expressed in Lujan v. MacMurtrie, supra, and Peterson v. Valley National Bank, 90 Ariz. 361, 368 P.2d 317, that litigants are entitled to the right of a trial where "there is the slightest doubt as to the facts." Accordingly, we find the trial court to have erred in granting summary judgment on this showing of fact.

For the reason expressed herein, the judgment of the trial court is reversed, and the case remanded for proceedings not inconsistent with this opinion.

STRUCKMEYER and LOCKWOOD, JJ., concur.